JEANNIE P. CHASE *vs.* DAVID K. PHILLIPS & others.
JEANNIE P. PHILLIPS *vs.* WILLIAM H. CULLITON.

Essex. November 6, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Married Woman — Conveyance of Separate Estate — Duress by Husband — Trust Deed — Divorce — Return of Wife's Personal Property.*

A wife, after separating from her husband, sought in equity to recover property which she had conveyed to him previously through a third person. Pending her bill, a settlement was had, and a trust deed executed by both under the advice of able counsel, her brothers, who counselled the separation, and a business man of high standing, the latter with the brothers being the trustees, by which certain property was settled upon him. After securing a divorce from him for his subsequent adultery, and after acquiescing in the settlement for five years, she brought a bill in equity to set aside the trust deed on the ground of duress of goods. Her testimony was contradicted at the hearing, and she was not an accurate witness; and the judge who heard the case found that there was no duress, and dismissed the bill. *Held*, that the finding was plainly right, and that the bill was properly dismissed.

A trust deed, by which a married woman settles property belonging to her upon her husband will not be set aside because of his subsequent adultery, if the deed contains no condition that he shall continue chaste.

Property settled upon a husband by a trust deed made by the wife after their marriage, in settlement of differences between them, does not come to him by reason of the marriage, within the Pub. Sts. c. 146, § 24, which authorizes the restoration to a divorced wife of the whole or any part of her personal estate that has come to her husband by reason of the marriage.

THE FIRST CASE was a bill in equity, filed May 28, 1889, against David K. Phillips, Leonard H. Phillips, and William H. Culliton, to set aside a trust deed made in pursuance of a compromise. Hearing before *C. Allen*, J., who reported the case for the determination of the full court. The facts, so far as material to the points decided, appear in the opinion.

*E. Avery & C. G. Chick*, for the plaintiff.

*H. P. Moulton*, for Culliton.

HOLMES, J. The first of these cases is a bill in equity to set aside a trust deed settling certain property upon the defendant Culliton, executed by the plaintiff while she was his wife. At the time of the settlement, Culliton had in his hands a large

amount of property which had belonged to his wife, and which she says still belongs to her. She contends that the settlement was made under duress of goods, in order to save what could be saved, in view of the decision in *Jacobs* v. *Hesler*, 113 Mass. 157, which made it improbable that she would be able to recover anything by legal means. The plaintiff was divorced from Culliton on June 30, 1888, on the ground of his adultery, and it is argued further that she is entitled to set aside the settlement on this ground.

The single justice who tried the case, and saw the witnesses, found that there was no duress, and his finding should not be set aside unless it was plainly wrong. *Francis* v. *Daley*, 150 Mass. 381, 383. But even without seeing the witnesses, we think that the evidence shows that the finding was plainly right. The settlement was made under the advice of able counsel, the plaintiff's brothers, who seem to have helped to bring about her separation from her husband, and of the late Nathaniel J. Bradlee. The brothers and Bradlee were the trustees of the settlement. At the time, the plaintiff had a bill in equity pending against Culliton to recover the property in his hands, and an injunction had been issued. The property in question had been transferred by the plaintiff to her husband through a third person, by deed; so that Culliton had at least color of title, and was not simply taking advantage of possession gained by him, and of the plaintiff's assumed inability to sue him. The plaintiff, to be sure, in her testimony represents her conveyances to her husband as a fraud upon her, and the argument addressed to us rests upon the assumption that her testimony was true. But without stopping to consider how much of this testimony was simply the result, slightly disguised, of private conversations with her husband, (*Commonwealth* v. *Cleary*, 152 Mass. 491,) it is enough to say that she is contradicted, and that she appears not to have been an accurate witness. Finally, she acquiesced in the settlement for several years. It was executed on February 16, 1884. This bill was not brought until May 28, 1889, shortly after the plaintiff's second marriage.

With regard to the defendant's adultery, committed, it would seem, after his wife had deserted him, the deed expresses no condition that he should continue chaste, and we see no reason for

reading one into the instrument. In the English cases cited, where marriage settlements have been modified after divorce upon a consideration of what provisions it was reasonable to make, the powers of the court are derived from statute. *Wigney* v. *Wigney*, 7 P. D. 177. St. 22 & 23 Vict. c. 61, § 5. St. 41 & 42 Vict. c. 19, § 3.                              *Decree affirmed.*

THE SECOND CASE was a petition, under the Pub. Sts. c. 146, § 24, brought by Jeannie P. Phillips, formerly Jeannie P. Culliton, to recover certain personal property belonging to her at the time of her marriage to the respondent. Hearing in the Superior Court, before *Sherman*, J., who dismissed the petition; and the petitioner alleged exceptions. The facts appear in the opinion.

This case was argued at the same time with the first case, and by the same counsel.

HOLMES, J. The second suit seeks to reach the same end as the first by different means. It is a petition brought under the Pub. Sts. c. 146, § 24, by the respondent's former wife, after her divorce. That section authorizes the court, after a divorce, to make a decree restoring to the wife " the whole or any part of her personal estate that has come to her husband by reason of the marriage." The court below ruled that the property which came to the respondent under the trust deed made by his wife, in settlement of their differences, did not come to him " by reason of the marriage," within the meaning of the statute.

The ruling was right. The section has come down through the Gen. Sts. c. 107, § 40, and the Rev. Sts. c. 76, § 28, from the St. of 1805, c. 57, the St. of 1823, c. 73, and the St. of 1828, c. 55, § 1, the last cited section having been passed, very likely, in consequence of the suggestions of Chief Justice Parker in *Dean* v. *Richmond*, 5 Pick. 461, 467, 468. There can be no doubt that the earlier acts and the Revised Statutes meant only to authorize the restoration of property to which the husband acquired title by marriage. If the words so construed had ceased to have any effect, by reason of later legislation, but nevertheless had been carried down into the late revisions, we should not regard the retention of them as sufficient reason for giving them a new meaning, but should account for it as due to excess of

caution. However, husbands did not cease to get any title to the personal property of their wives until the St. of 1855, c. 304, and the St. of 1857, c. 249; so that, even when the Public Statutes went into operation in 1882, the Legislature reasonably may have contemplated the possibility of subsequent divorces between couples who had celebrated their silver, but not yet their golden weddings.

The question of duress is discussed in the first case.

*Exceptions overruled.*