WILLIAM E. PARSONS, *vs.* WILLIAM S. HENRY, JR., & others.

Suffolk. December 2, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Husband and Wife*, Married woman's certificate. *Equity Pleading and Practice*, Exceptions to master's report, Appeal from interlocutory decree.

A married woman, having filed in 1895 a certificate in accordance with Pub. Sts. c. 147, § 11, stating her intention on her own account to enter upon the business of "importing and dealing in Castile soaps, etc.," continued that business until 1901; but, in the meantime, beginning with December, 1895, she began buying and selling wool on her own account, and, as her dealings in wool increased, her transactions in soap became of less and less importance. She filed no new certificate. An equitable attachment of certain wool which she had purchased having been made in a suit in equity against her husband, begun in 1901 for the collection of a debt alleged to be due from him to the plaintiff, a master, to whom the suit was referred, found, on evidence not reported, that she was "doing a wool business within the meaning of the statute," and found the other facts stated above ; but he also found that the plaintiff had business dealings with her and knew that she was carrying on a wool business and that he was not deceived or misled by her transactions, and that in the course of such dealings he had sold to her some. if not all of the wool which he was seeking to subject to attachment; and the master ruled that therefore by estoppel the plaintiff was prevented from taking advantage of the lack of a certificate and from attaching the wool as the husband's. *Held*, that the finding of the master that the married woman was doing a wool business within the contemplation of the statute could not be revised by this court, the evidence not being reported and the other findings of the master being consistent therewith ; but that the mere facts that the plaintiff knew that the married woman was doing business on her own account and that he was not deceived by her doing so did not preclude the plaintiff from taking advantage of her failure to file the required certificate and from attaching as her husband's her property used in her business.

In a suit in equity certain property was attached as a husband's. A petition of the wife, in which she claimed the property as hers, and sought to be admitted as a "party claimant," was "allowed," but there was no amendment to the bill

joining her as a defendant. The case was referred to a master, who found that the property attached was the wife's, but that it was acquired by her in a business which she was carrying on without having filed the certificate required by R. L. c. 153, § 10; that, nevertheless, because the plaintiff knew that the wife was doing business on her separate account, he was estopped from taking advantage of the lack of a certificate and from attaching the property as the husband's. The wife and the plaintiff and one of several defendants filed objections and exceptions to the report. A hearing was had before a judge of the Superior Court, and an interlocutory decree entered, reciting that the case came on for a hearing " upon the master's report and exceptions of the plaintiff and defendants thereto," and decreeing that " the exceptions of each of the parties be overruled." The plaintiff and the defendant who had filed exceptions appealed from this decree, but the " claimant" did not. Several months afterwards a final decree was entered, reciting that the case " came on to be heard . . . upon the exceptions of the plaintiff and both defendants to the master's report," and decreeing that " all said exceptions " be overruled and the master's report confirmed, but it contained no recital as to the interlocutory decree. From this decree the plaintiff, the excepting defendant and the " claimant" appealed. It did not appear that the final decree was erroneously affected by the interlocutory decree. The plaintiff did not object that the " claimant" had not appealed from the interlocutory decree and therefore had no rights under her appeal from the final decree. The " claimant" contended that the ruling of the master that she was doing a separate business was erroneous. This court, on the record, with hesitation considered the " claimant's " contention, assuming that the parties, from their attitude, treated the " claimant's " exceptions as still open as if the interlocutory decree had not been entered, and on the merits of the question overruled her exceptions.

BILL IN EQUITY, filed in the Superior Court for the county of Suffolk, December 31, 1901, between partners for an accounting as to partnership affairs, and seeking that certain wool which was alleged to have been transferred in pledge by the defendant William S. Henry, Jr., to other defendants, be applied in payment of a sum alleged to be due the plaintiff from the defendant.

Anna E. Henry filed a " petition for leave to join in said action as claimant," alleging that she was the wife of the defendant William S. Henry, Jr., that the wool in question had been purchased by her when doing business on her own account and was hers and not her husband's. The petition was " allowed," but no amendment to the bill was made.

The case was referred to a master. The following findings in his report are material: Anna E. Henry at the suggestion of her husband, William E. Henry, Jr., in 1891 began importing and selling Castile soap on her own account, her husband attending to the buying, importing and selling, while she personally kept the books and received all the profits. The place of busi-

ness was in Boston. The business was profitable and continued through 1901. In 1895 she filed with the city clerk in Boston a certificate in accordance with Pub. Sts. c. 147, § 11, stating that she proposed to do business on her own account under the style of Henry and Company at 158 Federal Street, Boston, and that the nature of the business was "importing and dealing in Castile soaps, etc." Her husband's place of business was 158 Federal Street, Boston.

On December 5, 1895, four months before the formation of either of the partnerships as to which the plaintiff's bill relates, Anna E. Henry, at the suggestion of her husband, began buying and selling wool on her own account. As her dealings in wool increased, her soap business became of less and less importance. She kept her own books of account showing her various business transactions, but, outside of keeping the books, her husband conducted the business. The fact that she, as Henry and Company, was making purchases and sales of wool was well known to the plaintiff and to his brother, another member of the partnership and a defendant in this suit. Henry and Company as such had no place of business and no sign. Mrs. Henry used printed letter and bill heads which indicated only that Henry and Company dealt in Castile soap.

On January 8, 1902, after the equitable attachments were made in this suit, Mrs. Henry filed a certificate in the office of the clerk of the city of Boston in accordance with R. L. c. 153, § 10, stating that she proposed to do business on her own account as an importer of and dealer in Castile soap, oils and wools, under the name of Henry and Company at 186 Summer Street, Boston.

The report continued: " The claimant contends first that she was not doing a wool business within the meaning of R. L. c. 153, § 10, and, second, that, if she was doing a wool business within the meaning of the statute, the plaintiff is estopped by reason of his knowledge of her transactions and his business dealings with her from taking advantage of the statute.

" As to her first contention, I find that she was doing a wool business within the meaning of the statute.

" Her second contention presents a question of law to be determined in connection with the facts found as above stated. . . .

Both Charles C. and William E. Parsons [a brother of the plaintiff and the plaintiff, who were partners] knew the fact that Mrs. Henry was doing business on her own account; they were not deceived or misled by what she had done or was doing; they were partners of her husband and knew what recourses he employed in the business in which they were jointly interested and as a result of which their claims against him arise; they not only did not object to her transactions in wool, but borrowed money from her on various occasions and paid it back to her, and finally they sold or had transferred to her most if not all of the very wool which they now seek to hold as the property of her husband. I rule therefore in accordance with the claimant's second contention that the plaintiffs are estopped in equity, by reason of the facts above stated, from taking advantage of the statute."

The master also found, on the accounting, that a certain sum of money was due to the plaintiff from the defendant William S. Henry, Jr.

The claimant, Anna E. Henry, filed objections and exceptions to the findings of the master that at the times stated in the report she was engaged " in the wool business or in any business requiring her to file a married woman's certificate under the statutes," and to the finding " that the property owned by her was subject to attachment by her husband's creditors save and except for the other facts found by " the master " relieving said property from said attachment." The plaintiff filed an objection and exception to the report " because on the facts found and stated the master ruled that " the plaintiff " was estopped in equity from taking advantage of R. L. c. 153, § 10." The defendant Charles C. Parsons also filed an objection and exception substantially the same as that of the plaintiff.

The case was heard upon the master's report and exceptions thereto before *Fessenden,* J., and on August 3, 1906, an interlocutory decree was entered as follows: " This cause came on to be heard at this sitting upon the master's report and the exceptions of the plaintiff and the defendants thereto and was argued by counsel and thereupon it is ordered and decreed that the exceptions of each of the parties be and hereby are overruled." From this decree the plaintiff and the defendant Charles C. Parsons appealed. On January 16, 1907, a final

decree was entered, which read "This cause came on to be heard . . . upon the exceptions of the plaintiff and both defendants to the master's report, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed, (1) that all said exceptions be, and hereby are, overruled; (2) that the master's report be, and hereby is, confirmed." From this decree the claimant filed the following appeal: "And now comes Anna E. Henry, claimant in the above entitled cause, and appeals from the first and second paragraphs of the final decree entered herein, in so far as said paragraph 1 overrules her exceptions to that part of the master's report which finds that she was doing a wool business within the meaning of R. L. c. 153, § 10, and in so far as said paragraph 2 confirms that said portion of the master's report which finds that she was doing a wool business within the meaning of R. L. c. 153, § 10, and the appellant says that she was not doing a wool business within the meaning of said statute, and prays that this her appeal may be allowed." The plaintiff and the defendant Charles C. Parsons also appealed from the final decree.

*W. B. French,* (*R. M. Morse & E. L. Curtiss* with him,) for the plaintiff.

*S. J. Elder,* (*F. E. Bradbury* with him,) for the "claimant" Anna E. Henry.

*C. W. Bartlett & E. R. Anderson,* for the defendant Charles C. Parsons, did not care to be heard.

BRALEY, J. By the common law, because of the union in person of husband and wife, personal property acquired by a married woman during coverture could be levied upon by the creditors of the husband in satisfaction of his debts. *Morse* v. *Toppan,* 3 Gray, 411. *Gerry* v. *Gerry,* 11 Gray, 381. *Nolin* v. *Pearson,* 191 Mass. 283, 284. But this was modified by Sts. 1855, c. 304, § 7, and 1857, c. 249, §§ 1, 2, which conferred upon her the right to carry on any trade or business on her sole account. The earnings or profits derived therefrom not only became her separate property, with the power of disposal free from her husband's interference or control, but could not be taken in satisfaction of his debts. *Lord* v. *Parker,* 3 Allen, 127, 129. *Forbes* v. *Tuckerman,* 115 Mass. 115. *Chase* v. *Phillips,* 153 Mass. 17, 20. But, while no conditions at first were attached

to the exercise of these rights, it often happened that husband and wife equally appeared to be in the possession and use of the property, as well as of the business. To remove this uncertainty for the benefit of creditors, who, if they contracted with the husband, could not hold the wife, or, if they contracted with her, could not collect their debts from him, but, if put in possession of information as to the title, could regulate their mercantile transactions accordingly, St. 1862, c. 198, was enacted. *Chapman* v. *Briggs*, 11 Allen, 546. *Allen* v. *Clark*, 190 Mass. 556, 559. In § 1 it provided that if a married woman, then or thereafter doing business on her own account, neglected to file a certificate in the clerk's office of the city or town where such business was carried on, stating the name of her husband, the nature of the business, and its location when practicable, her husband's creditors might attach the property or take it on execution. By re-enactment, this statute has been continued as a part of our statutory law relating to the personal and property rights of married women when engaged in trade, and it was in force when the equitable attachment of the funds standing in the name of the claimant was made. St. 1881, c. 64, §§ 1, 3. Pub. Sts. c. 147, § 11. R. L. c. 153, § 10.

It is conceded that there was a failure to comply with this requirement. But, while insisting upon her exception that upon the facts reported the master erroneously found she was engaged in business, the protection of the statute is invoked; as he correctly ruled, if the finding stands, that because he knew of the source from which her title to the funds was derived, the plaintiff is estopped from asserting the rights of an attaching creditor. The master decided upon evidence not reported, that, while supervising her household affairs, at first she became interested in the importation and sale of soap, under a certificate duly recorded, and then, without such certificate, dealt in the purchase and sale of wool for a period of nearly five years, making large aggregate profits. But, although employed in other pursuits, she still would be engaged in business when dealing in wool, even if her entire time was not required in the management of this part of her commercial affairs. If a single purchase or sale cannot be considered anything more than a transient transaction, her continuous trading, with the making of bank deposits and

the keeping of books of account, warranted the conclusion of the master that she was conducting an established business as contemplated by the statute. *Desmond* v. *Young,* 173 Mass. 90, and cases cited.

But the ruling to which the plaintiff excepted, that, because of his knowledge that the claimant traded on her sole account, in equity he would be estopped from taking advantage of this neglect even if no certificate had been recorded, cannot be supported. It is the purpose of the statute that the attaching creditor, either at law or in equity, shall be barred only by the recorded certificate. *Chapin* v. *Kingsbury,* 135 Mass. 580; *S. C.* 138 Mass. 194. The amendatory act changed an absolute to a qualified right by requiring a certificate as a precedent condition, if her property, either when used or when acquired in trade on her separate account, was to be exempt from seizure by her husband's creditors. Through a voluntary failure to avail herself of this condition, the proceeds of the business as between herself and them remained his property as at common law. The correlative provision found in § 2, now R. L. c. 153, § 10, that in the absence of a certificate, which he may make and record if she does not, the husband shall be liable for all contracts lawfully made in the business, originated with the statute. But, if by this section the creditor who contracts with the wife has been given a remedy against the husband, there is no express or implied modification of the general rule, which, apart from our statutes enlarging the rights of married women, subjects her personal property to the payment of his debts. If she had been induced by the intentional misrepresentations of the plaintiff or his firm to refrain from making known her independent ownership by the statutory record, he might be precluded from taking advantage of this omission. But no equitable estoppel is created which prevents the plaintiff from asserting a lawful right, where, merely from personal knowledge or through the information of his partners by which he would be bound, he must be held to have known that in fact the property employed, as well as the business itself, belonged to her. *Nourse* v. *Nourse,* 116 Mass. 101. It follows that the plaintiff's exception to the master's report and appeal must be sustained, and the exception of the claimant overruled.

There has been some embarrassment in the consideration of the claimant's exception and appeal arising from the confused character of the record. In the original bill she was not made a party, nor, after her petition to intervene as claimant of the property attached had been allowed, was any amendment made praying for relief as against her. The contest as between her and the plaintiff consequently was limited to this question. By the interlocutory decree, the exceptions of the parties were overruled, but, while the others appealed, she did not, and, having taken no appeal, the master's report, so far as it was adverse to her, could not be revised. *Hillier* v. *Farrell*, 185 Mass. 434, 435. After the entry of this decree, more than a year elapsed when, after argument, a final decree was entered, again overruling the exceptions, from which they severally appealed. But at that time, as the record stood, there were no exceptions pending upon which the final decree could operate. If the final decree had been erroneously affected by the interlocutory decree, her rights would still have been saved, but, having been properly entered as to her, she is not aided by R. L. c. 159, § 26. *Cawley* v. *Jean*, 189 Mass. 220. It may be inferred, however, with some hesitation, that, as no objection has been made before us, the court with their consent, but without any formal recognition by way of recital of either the agreement or its previous decree, treated the exceptions of the parties as still pending, and proceeded as if the interlocutory decree had not been entered.

The final decree of the Superior Court must be modified by directing that the balance of the proceeds from the sale of the wool shall be paid to the plaintiff, but in all other respects it is affirmed.

*Ordered accordingly.*