## ABBIE L. FAIRBANKS *vs.* GUY NEWHALL.

Essex. November 3, 1915. — February 10, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Equity Pleading and Practice*, Appeal, Report of facts by judge, Motion to recommit to master, Demurrer. *Waiver.*

On an appeal by the plaintiff in a suit in equity from a decree dismissing the bill, the record appeared to be incomplete in that it was not expressly stated that certain exceptions to a master's report were overruled, or that a motion to recommit the master's report was denied; but, it being apparent that the record was prepared by the plaintiff personally, this court, in view of the nature of the final decree, assumed that the preliminary matters were disposed of adversely to the plaintiff.

The provisions of R. L. c. 159, § 23, relating to a report, upon a request by a party appealing from a decree in a suit in equity, by "the justice by whom the decree was made," of the "material facts found by him," are not applicable where the case was heard by the judge only upon exceptions to the report of a master, the report was confirmed, and a decree was entered dismissing the bill.

By the entry of a final decree in a suit in equity, the suit is finally disposed of by the court subject only to the statutory rights of appeal or to a writ of review; and motions to vacate the decree or to recommit the case to a master for further hearing cannot be granted.

Failure by a defendant to oppose the reference of a suit in equity to a master operates as a waiver of a demurrer to the bill.

On an appeal from a decree dismissing a bill in equity after a confirmation of a master's report, where the evidence is not reported, exceptions to the master's report which are mere arguments or are based on alleged facts not in the report must be overruled.

DE COURCY, J.   The master has found the following facts: By virtue of a license granted by the Probate Court, William B. Orcutt, as guardian of Jane Fairbanks, an insane person, gave a mortgage upon certain real estate of his ward for $700, in payment of divers items for which he was indebted or obliged to the defendant.   There was no fraud or deceit on the part of either party to the mortgage.   When the defendant as mortgagee began foreclosure proceedings there were breaches in the condition of the mortgage due to unpaid principal, interest and taxes.

Jane Fairbanks died on October 10, 1914, intestate, and the plaintiff, her only heir at law, brought this bill to restrain the defendant from foreclosing the mortgage, and for its cancellation and an accounting.   The allegations, so far as relevant to this bill in equity, are disposed of adversely to the plaintiff by the findings of the master.   Whether other complaints set out in her bill will be open to her in the hearing on the guardian's account in the Probate Court, or in some other proceeding, is not now before us.

Although the present record, apparently prepared by the plaintiff herself,* is incomplete in some respects, it does not seem necessary to remit the case to the Superior Court for correction. For instance, it is not stated expressly that the exceptions to the master's report were overruled, or that the motion to recommit was denied; but it reasonably must be assumed from the subsequent entry of the final decree that those preliminary matters were disposed of adversely to the plaintiff.   See *Parsons* v. *Henry,* 197 Mass. 504.   The plaintiff requested the judge † to "report the material facts," under R. L. c. 159, § 23; but that statute was not applicable, as no facts were found by the judge.   The hearing before him was only on exceptions to the master's report.   Her motions, made after the entry of the ·final decree, that the trial judge vacate the decrees and recommit the case, could not be granted.   It is an established principle that "after the entry of a final decree in equity, as after the entry of a final judgment in a suit at law, the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and the court has no further power to deal with the case except upon a bill of review."   *White* v. *Gove,* 183 Mass. 333, 340.

---

* The record was typewritten.                    † *Quinn,* J.

The reference to the master without objection by the defendant operated as a waiver of the defendant's demurrer. *Attorney General* v. *Onset Bay Grove Association*, 221 Mass. 342.

The exceptions to the master's report, so far as relevant to the issues, are either mere arguments or are based on alleged facts which are not before us, the evidence not being reported. They must be overruled and the report of the master confirmed. *Cook* v. *Scheffreen*, 215 Mass. 444.

The final decree dismissing the bill is affirmed.

*So ordered.*

The case was submitted on briefs.
*A. L. Fairbanks*, pro se.
*W. E. Dorman*, for the defendant.