CHARLES H. FULLER *vs.* CLARENCE E. FULLER.

Norfolk.   October 22, 23, 1919. — November 26, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Master.   *Equity Jurisdiction,* To remove cloud
from title.   *Land Court,* Jurisdiction.

Upon an appeal in a suit in equity from a final decree based upon findings of fact
by a master, where the evidence before the master is not reported, the findings
must stand if they are not inconsistent with one another.

The Superior Court still has jurisdiction of a suit in equity to remove a cloud from
the title to land.

Under the provisions of Equity Rule 14, that "No cross bill shall be filed without
leave of the court," a ruling refusing to allow the filing of a cross bill will not be
reviewed on appeal.

BILL IN EQUITY, filed in the Superior Court on January 30, 1918,
to compel the discharge, by reason of its having been paid, of
a mortgage upon certain land of the plaintiff.

The pleadings and proceedings are described in the opinion.
From a final decree for the plaintiff the defendant appealed.

Equity Rule 14 is as follows: "The defendant to a cross bill
shall in no case be compelled to answer thereto before the defend-
ant to the original bill has answered such original bill.  No cross
bill shall be filed without leave of the court."

*C. E. Fuller, pro se.*

*C. E. Haywood,* for the plaintiff, was not called upon.

CARROLL, J.   The defendant, who is the holder of a mortgage
on the plaintiff's real estate, refused to discharge it, and this suit
was brought to compel him to relieve the title from the encum-
brance.  The defendant filed a plea to the jurisdiction alleging that
the suit should have been brought in the Land Court.  Both the
plea and his demurrer to the plaintiff's bill were overruled.  He
also filed a motion to dismiss, which after a hearing was denied.
Other motions were made by the defendant and the case was sent
to a master, who found that the mortgage had been fully paid.
An interlocutory decree was entered overruling the defendant's
exceptions and confirming the report; and by a final decree the

defendant was ordered to execute and deliver to the plaintiff a statutory form of discharge of the mortgage, and to cancel and surrender the note secured thereby.

In *Fuller* v. *Fuller*, 228 Mass. 441, the same parties were before the court. It was there held that the tax title held by the defendant was invalid and he was ordered to relieve the title from the encumbrance. Many of the defendant's exceptions are irrelevant or mere arguments. So far as they are material, they are based on facts found by the master. As the evidence is not reported his findings must stand. *Fairbanks* v. *Newhall*, 222 Mass. 598, 600. *Nesson* v. *Gilson*, 224 Mass. 212, 214.

The exceptions taken to the proceedings before the master are without merit. The demurrer and plea were overruled properly. See *First Congregational Society in East Longmeadow* v. *Metcalf*, 193 Mass. 288. There was no error in dealing with the defendant's motion for leave to file a cross bill (see Equity Rule 14 of the Superior Court), nor in denying the motions made by him.

We have considered all the questions raised by the defendant. Without discussing them in detail it is sufficient to say that the hearings before the master and the court were conducted in accordance with the rules of law. The defendant has been paid the amount due on the mortgage, and the plaintiff is entitled to relief.

*Decree affirmed with costs.*