FIORENZO LUCIANO *vs.* PASQUALE CALDARONE & others.

Suffolk. January 20, 1926. — March 29, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Attachment,* Of mortgaged personal property. *Mortgage,* Of personal property. *Equity Pleading and Practice,* Waiver of ground for demurrer, Bill. *Equity Jurisdiction,* Adequate remedy at law, Equitable replevin.

A defendant in a suit in equity, who has not demurred to the bill and who, in his answer, has alleged that the plaintiff has a plain, adequate and complete remedy at law, must be taken to have waived any right to rely on that defence if, without further reliance upon that statement in his answer, he proceeds with a hearing upon the merits. Following *Driscoll* v. *Smith,* 184 Mass. 221.

A letter, delivered by a mortgagee of personal property to a deputy sheriff who had taken possession of property under a writ of attachment, is a sufficient demand under G. L. c. 223, § 75, if it contains a statement of the principal sum of the mortgage note, the date of the mortgage, the rate of interest, and a recital that "The entire mortgage remains unpaid," it not being invalid by reason of the fact that the sum due as interest is not computed.

A bill in equity by a mortgagee of personal property to enjoin the disposal of certain property by a deputy sheriff, who had attached it and upon whom the mortgagee had made the demand prescribed by G. L. c. 223, § 75, the plaintiff in the action in which the attachment was made also being a defendant, did not contain any allegation that the property was so concealed or controlled by the defendants that it could not be taken by replevin proceedings. A judge who heard the suit found that the property had been so withheld that it could not be replevied, and a final decree was entered ordering delivery of the goods to the plaintiff. The defendant appealed. *Held,* that

(1) The bill was defective in not including an allegation that the property had been so concealed or controlled by the defendants that it could not be replevied;

(2) The decree must follow the bill;

(3) The bill should be amended to include the additional allegations; and when so amended the decree should be affirmed.

BILL IN EQUITY, filed in the Superior Court on May 4, 1925, seeking to restrain the defendants Pasquale Caldarone and Cristofaro Grillo and the sheriff for the county of Suffolk from selling, disposing, or in any way transferring or alienat-

ing the possession or title to certain personal property which was subject to a mortgage to the plaintiff and which had been seized by a deputy sheriff under authority of a writ in which the defendants Caldarone and Grillo were plaintiffs.

There was no demurrer to the bill. In the last paragraph of the defendants' answer, they alleged that the plaintiff had a "plain, adequate, and complete remedy at law."

The suit was heard by *Weed*, J., a stenographer having been appointed under the provisions of G. L. c. 221, § 85, Equity Rule 35 (1905) to take the evidence. It did not appear in the record that the defendants, before the hearing, made any contention based on the allegation in their answer above quoted.

Material facts found by the judge are described in the opinion. By his order a final decree was entered ordering the delivery of the goods in question to the plaintiff. The defendants appealed.

The case was submitted on briefs.

*D. I. Rotman*, for the defendants.

*P. C. Borré*, for the plaintiff.

CROSBY, J. On March 14, 1925, one Cirace executed and delivered to the plaintiff a mortgage on certain personal property situated in the store of the mortgagor, to secure an alleged loan made to him by the plaintiff. The mortgage covered the stock of goods and all other personal property in the store and was duly recorded. On March 18, 1925, the defendants Caldarone and Grillo brought an action against Cirace. The writ in this action was served by the defendant Sweeney, a deputy sheriff, who attached the property covered by the mortgage and placed a keeper in the store. On March 26, 1925, the plaintiff, by his attorney, delivered to Sweeney a letter notifying him that the property so attached was subject to a mortgage held by the plaintiff. The letter stated the amount due thereon and demanded that the attachment be removed or that the amount due on the mortgage be paid. This bill is brought to restrain the defendants from selling or otherwise disposing of the property, and for general relief.

It is alleged in the answer that the plaintiff and Cirace

entered into a conspiracy for the purpose of defrauding cred-
itors of the latter and to prevent the property being attached,
and that in furtherance of such conspiracy the mortgage was
executed and delivered to the plaintiff.   It appears that some
days after the attachment was made, the property was re-
moved from the store by the officer.   The judge found that
the goods attached had been acquired by Cirace before the
mortgage was given, and that they could not have been re-
plevined by the plaintiff.   A final decree was entered ad-
judging that the plaintiff was entitled to the property so
attached and ordering the defendants to deliver it to him.
The contention of the defendants that the plaintiff has a
complete and adequate remedy at law, and for that reason
is not entitled to equitable relief, is not tenable.   By pro-
ceeding to trial on the merits without relying on that de-
fence further than to state it in their answer, the defendants
waived any right to do so.   *Driscoll* v. *Smith*, 184 Mass. 221.
*Bauer* v. *International Waste Co.* 201 Mass. 197.   *Volpe* v.
*Sensatini*, 249 Mass. 132, 134.

The findings that the mortgage was given for value and in
good faith, and not to defraud creditors or to prevent the
property being attached, and that Cirace was not insolvent
on the date of the mortgage, were amply warranted upon the
reported evidence.   The letter delivered to the attaching
officer was seasonable and sufficient notice of the amount
due on the mortgage.   It contained a statement of the
principal sum, the date of the mortgage, the rate of interest,
and a recital that "The entire mortgage remains unpaid."
Such statements enable computation to be made of the just
and true account of the amount due.   The letter is not in-
valid on the ground that the sum due as interest was not
computed, *Johnson* v. *Sumner*, 1 Met. 172, *Averill* v. *Irish*,
1 Gray, 254, and the judge rightly ruled that it was sufficient
demand to satisfy the provisions of G. L. c. 223, § 75.   The
statute expressly provides that if the amount due is not
paid or tendered to the mortgagee within ten days after such
demand, the attachment shall be dissolved and the property
restored.   *Esson* v. *Tarbell*, 9 Cush. 407.

As it is found that the property has been so withheld that

it cannot be replevined, the plaintiff is entitled to the equitable relief which he seeks under G. L. c. 214, § 3, cl. 1. It must appear, however, from the allegations of the bill that the goods sought to be delivered up were so controlled by the defendant that an attempt to replevin them would be useless. *Gibbens* v. *Peeler*, 8 Pick. 254, 258. *Mills* v. *Gore*, 20 Pick. 28, 33. *Holland* v.' *Cruft*, 20 Pick. 321, 330. In the case at bar there is no allegation that the property has been so concealed or controlled by the defendants that it cannot be replevined; in this respect the bill is defective. The decree must follow the frame of the bill. Accordingly, if the decree is to stand, the bill must be amended by alleging in substance that the goods have been so concealed or controlled that they cannot be replevined. If such amendment is filed in the Superior Court and allowed within thirty days from the date of rescript, the decree is to be affirmed with costs of the appeal; otherwise it is to be reversed and a decree entered dismissing the bill.

*Ordered accordingly.*