FLORENCE D. HAWKINS *vs.* GOLD BRAND CONFECTIONERY, INC.

Suffolk.    May 22, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant*, Covenant in lease. *Corporation*, Officers and agents. *Agency*, Scope of authority. *Evidence*, Competency, Relevancy. *Equity Pleading and Practice*, Appeal, Bill, Waiver of defence. *Waiver*.

At the hearing of a suit in equity, an issue was whether one who was vice-president and manager of a corporation, which was a lessee from the plaintiff of certain floors of a building owned by the plaintiff, had authority to make with the plaintiff an agreement that, if the defendant were permitted to install a refrigerating plant on the leased premises and through certain portions of the building not described in the lease, a meter would be installed to measure the amount of water used to operate the machine and the defendant would pay for such water as it might use. It appeared that the installation occurred after the lease was executed and with the express oral agreement of such vice-president and manager and there was evidence that he was the man with whom the lessor's agent always dealt, that he purported to execute the lease in behalf of the defendant, and that he was in charge when the re-

frigerating machine was put in. *Held*, that a finding was warranted that such vice-president and manager was authorized to bind the corporation by the agreement made by him in its behalf.

In a suit in equity by the owner of a building against a corporation which was a lessee of a number, but not of all, of the floors thereof under a lease which provided that the lessee should not permit any holes to be drilled or made in the stone or brickwork of the building and contained no provision requiring the lessee to pay water rates, the plaintiff averred that, without the knowledge or consent of the plaintiff, the defendant had installed a refrigerating machine and pipes and affixed signs, and sought mandatory injunctions requiring the removal of the machine and pipes and signs, that "an accounting be had between the plaintiff and the defendant as to the damage caused to the premises of the plaintiff by the defendant and for the water used by the defendant upon said premises, and that the defendant be ordered to pay to the plaintiff the sum found due on an accounting," and for general relief. The answer denied material allegations of the bill and averred that the plaintiff had waived the pertinent provisions of the lease and was estopped to maintain the suit. During the hearing, plaintiff's counsel stated that the plaintiff did not rely on the provisions of the lease but upon an oral agreement made by the defendant, in substance that, in consideration of being permitted to install the refrigerating plant, it would pay for the water it used. Defendant's counsel then asserted that, on the statement of plaintiff's counsel, the bill should be dismissed; but he made no request for such a ruling. The judge found the oral agreement in modification of the lease to have been made and operation under it by both parties until just before suit was brought, and by his order a final decree was entered directing the defendant to pay a bill rendered for water used by the defendant just before suit was brought. The defendant appealed. *Held*, that

(1) It was too late, in the circumstances, for the defendant on appeal in this court to contend that the plaintiff had an adequate remedy at law: such defence was not properly raised on the pleadings or at the trial;

(2) An allegation in the bill that the plaintiff has been put to great expense for the use of water for which the defendant had declined to reimburse him was broad enough to include within its scope a claim for the amount due for water; and, in connection with the prayers seeking an accounting and general relief, the findings by the judge justified the final decree.

BILL IN EQUITY, filed in the Superior Court on October 26, 1928.

The allegations of the bill described the plaintiff as owner and the defendant as lessee of floors of a building on Beverly Street in Boston under a lease in writing described in the opinion; that the defendant, in violation of the provisions of the lease "and without the knowledge and consent

of the plaintiff, installed upon said premises a refrigeration machine of great size, and occupying a large amount of space, and that as incidental thereto caused to be drilled in the stone or brickwork of said building holes through which pipes were passed, caused other pipes to be run from the said basement of said building where the larger portion of said refrigerating machine is located up through all of the floors of said building up to the fifth and top floor of said building, and even up through said fifth floor and the roof of the said building onto the roof, whereby pipes of large diameter were run, cutting holes in said floors for the purpose of running said pipes, and occupying with apparatus connected with and appurtenant to said ice machine, considerable space in the other floors of said building not leased or under the control of the defendant. Thereby greatly damaging said premises and the floors thereof, causing the plaintiff great expense for the operation and maintenance of said building, including among other things great expense for the use of water and necessitating the installation of larger and additional water pipes. All of which expense the defendant has declined to reimburse the plaintiff for," and that the defendant without consent of the plaintiff had maintained certain signs on the outside of the building. The prayers of the bill were that an accounting be had between the plaintiff and the defendant as to the damage caused to the premises of the plaintiff by the defendant and for the water used by the defendant upon said premises, and that the defendant be ordered to pay to the plaintiff the sum found due on an accounting, and for mandatory injunctions requiring the removal of the refrigerating plant and the signs; and that "such further relief be granted the plaintiff as to" the court "should seem meet."

The answer of the defendant categorically denied the allegations of the bill, except the existence and description of the lease, and averred "that whatever signs are or have been maintained by it on the premises and whatever machinery has been installed in the premises, has been maintained and installed with the consent of the owners"; and "that plaintiff has waived any right which she at any time

may have had as to the installation of any machinery or apparatus and as to the maintenance of any signs, and is now estopped from objecting thereto if she ever had any right to so object."

The suit was heard by *Greenhalge*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). During the hearing, plaintiff's counsel, in response to a question by the judge, stated in substance that he was putting in evidence a modification of the lease, made orally after it was executed because a provision in the lease that the lessee should "pay all charges for water" had been struck out: "I assume with that struck out Mr. Hawkins will have to pay for it. When Mr. Hawkins took the property over there was not any ice machine there, there was not any excessive use of water. The parties made a new oral agreement. By it Mr. Hawkins had a right to throw it out at that time if he chose to, but he let it remain on the agreement of the parties to pay for the water. It comes down to that." Counsel for the defendant then stated: ". . . on my brother's own words this bill should be dismissed. In other words he says this was put in and agreement was made for the payment of water. Therefore Mr. Hawkins knew that the machine was put in and instead of saying, 'Take the machine out,' he says, 'Pay for water,' so his action, if any, is an action for the price of water and not for waste or the putting in of the machine. That is on his own statement in open court." Counsel for the plaintiff replied: "My brother has not read the case in 184 Mass. which provides that by proceeding to trial on the merits the question of a complainant's adequate remedy at law is waived. I think your Honor is familiar with that case." The judge stated: "I don't care to hear that now. I don't need that now anyway. But by allowing this machine to stay on the premises you have waived your right to have it ripped out."

No request was presented by the defendant for a ruling respecting variance and the plaintiff's having an adequate remedy at law.

Findings and rulings by the judge, and the provisions of

the final decree are stated in the opinion.    The defendant appealed.

The case was submitted on briefs.

*S. T. Lakson,* for the defendant.

*E. W. Crawford,* for the plaintiff.

SANDERSON, J.    This is a bill in equity brought by the owner of a six-story building, in Boston, against the defendant, who holds, under a written lease, the basement, first and fourth floors to be used for manufacturing and storing confectionery.    The other floors are let to various tenants.

The lease provides that the defendant shall not permit any holes to be drilled or made in the stone or brickwork of the building, and that the lessee will keep the premises in the same order and condition as they are in at the commencement of the lease; that the premises shall not be damaged or defaced, and that no addition or alteration to or upon the premises shall be made without the consent in writing of the lessor.    The defendant, without the written consent of the plaintiff, installed upon the premises a refrigeration machine in the basement, and, as incidental thereto, fastened pipes to the walls and caused holes to be drilled in the stone and brickwork through which pipes were passed from the basement of the building through portions of it not leased to the defendant.    The use of the ice machine was reasonably necessary in connection with the business for which the premises were leased.    The judge found that, if written permission for the necessary openings and fixtures attached to the walls was required under the terms of the lease, this requirement had been waived.    The lessee was not required by the terms of the lease to pay water rates.

The plaintiff offered evidence, subject to the defendant's exception, to prove an oral agreement with Samuel Herwitz, vice-president and manager of the defendant, for the installation of a meter to measure the amount of water used in operating the machine, and for the payment by the defendant for such water as it might use.    The judge found that the defendant had installed the machine subsequently to the execution of the lease, and that the pipes had been run as described upon the express agreement with Samuel Herwitz that

the defendant should pay all water rates on account of the use of the machine; that a meter was installed in accordance with this agreement; that after Herwitz had severed his connection with the defendant, the new manager employed, after making one payment for water, discovered that the lease did not provide for the payment of water rates by the defendant, and declined to make further payments.  The judge found the amount due for water under the agreement, and found that the contract was valid and binding because it gave the defendant the right to extend pipes through the premises not subject to lease.  After stating that no objection had been made either in the pleadings or at the trial on the ground of want of equity, he ruled that the plaintiff was entitled to relief under her bill, and ordered that a decree be entered for damages for breach of contract, being the amount due under the contract for water to the date of the final decree, or for the removal of the pipes installed upon the premises not leased to the defendant.  The decree following this order was for the payment of the amount due for use of water and included no order as to the pipes.  The evidence that Herwitz was the man with whom the lessor's agent always dealt, that he was in charge when the refrigerating machine was put in, that he executed the lease in behalf of the defendant, and the other evidence relating to his duties, justified the judge in reaching the conclusion that he was agent of the defendant authorized to bind the corporation by the agreement made by him in its behalf.

The exceptions to the admission of evidence must be overruled.  The defence that the plaintiff had an adequate remedy at law was not properly raised at the trial.  Counsel for the defendant referred to this matter during the admission of evidence but he made no request for ruling concerning it.  The remark by counsel during the trial that the plaintiff had an adequate remedy at law did not present any question of law as to that defence.  That question cannot be raised for the first time by appeal from the final decree.  *Driscoll* v. *Smith*, 184 Mass. 221.  *Luciano* v. *Caldarone*, 255 Mass. 270, 272.

The allegation in the bill that the plaintiff has been put to

great expense for the use of water for which the defendant has declined to reimburse her is broad enough to include within its scope a claim for the amount due for water. The prayers also sought an accounting for the water used and asked for general relief. There was evidence upon which the judge was justified in making the findings as to the amount due for water.

*Decree affirmed with costs.*