WILLIAM J. MONTGOMERY & others *vs.* WALTER J. RICHARDS & others.

Suffolk.     March 2, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Internal affairs of labor union. *Equity Pleading and Practice,* Appeal, Parties.

The provisions of G. L. c. 214, § 23, in no circumstances require a judge, by whose order there has been entered an interlocutory decree sustaining a demurrer to a bill in equity, to make a report of material facts found by him.

The members of an incorporated national labor organization called a brotherhood were formed into local unions and into district councils composed of delegates from the local unions. Officers of a district council, in behalf of themselves and of all other members of that council, brought a suit in equity against the officers and members of a second district council seeking relief on the basis of averments, in substance, that, through the wrongful conduct of the defendant council and of its affiliated local unions within a territorial jurisdiction claimed by it, the plaintiff council and the members of local unions affiliated with it were deprived of work; and that such conduct of the defendant council was based on certain laws of the brotherhood which the defendants mistakenly thought were in force, but which were not in force because the brotherhood had become affiliated with another national labor federation and its building trades department and had become subject to its laws, the effect of which was to nullify the laws upon which the defendant council relied to justify their action. The bill disclaimed any attack upon brotherhood or federation and denied that it sought any remedy against either. The defendants demurred to the bill, and the demurrer was sustained. *Held,* that

(1) The brotherhood and the national labor federation with which it had become affiliated had such interests that they should be made parties;

(2) The demurrer rightly was sustained.

It further appeared from the allegations of the bill in the suit above described that appeals by the plaintiffs had been prosecuted through to conventions; that the brotherhood had refused to take action to compel the defendant district council and its affiliated locals to change their conduct or to require its general executive board to reallocate territorial jurisdictions in accordance with the plaintiffs' contention; and that the building trades council of the federation had held that the matter was not within its cognizance. It also further appeared, however, that a local union within the jurisdiction of the plaintiff district council, if it believed an injustice had been done to it by the general executive board, might appeal to the membership at large; and there was no allegation that such an appeal had been taken or that it would have been useless so to appeal; and it was *held*, that the failure to exhaust such remedy or to show that to attempt to do so would have been futile, justified the sustaining of the demurrer.

BILL IN EQUITY, filed in the Superior Court on May 16, 1930, and afterwards amended, described in the opinion.

The defendants demurred. The demurrer was heard by *Gibbs*, J., and was sustained. The plaintiffs appealed.

The judge refused, upon request, to make a report of material facts found by him and the plaintiffs alleged an exception to such refusal.

*F. W. Mansfield*, for the plaintiffs.

*L. A. Mayberry*, (*J. B. Abrams* with him,) for the defendants.

WAIT, J. The plaintiffs appeal from a final decree sustaining a demurrer to their bill of complaint; and they except to the refusal to make a report of the material facts found by the judge who made the decree.

There is no error in the refusal of the report. G. L. c. 214, § 23, in requiring a report by the trial judge of the material facts found by him, if requested by an appellant within four days after he has been notified of the entry of the decree, deals with situations in which there are controverted issues of fact; and where, in consequence, the decree is the result of decisions with regard to the truth or falsity of particular facts made by the trial judge which cannot be known until stated by him. *Fairbanks* v. *Newhall*, 222 Mass. 598, 599. As was said in *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300: "Such a report is not a new and additional proceeding in the case after it has reached its

ordinary termination in the entry of a final decree, but is in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for a hearing on the appeal." It, thus, has no place where the only hearing has been on demurrer; for there the record already discloses all the facts which were in the mind of the trial judge. In such hearing he is bound to accept as true every material fact adequately stated in the bill. "An oral statement by a judge of his reasons for sustaining a demurrer . . . is not a finding of fact and is not an opinion which may be considered in ascertaining precisely what was concluded by the judgment upon the demurrer." *Rappel* v. *Italian Catholic Cemetery Association,* 259 Mass. 550, 553. A written statement is equally without binding effect. In speaking of a request for a report under the statute, this court has said that it would have been the judge's duty to make such report within a reasonable time "unless the nature of the hearing was such that no facts were found." *Building Inspector of Salem* v. *Gauthier,* 259 Mass. 615, 617. Such is the nature of a hearing on demurrer. Upon the appeal this court is not concerned with the facts as the trial judge might have believed them to be. It must accept them as stated in the bill. No finding upon them is called for. The statute is not applicable. The exception must be overruled.

The grounds of demurrer sustained by the decree were as follows: (1) "That the matters alleged in the plaintiffs' amended bill of complaint are not such as to entitle the plaintiffs to relief in equity"; (2) "That the matters set forth in the plaintiffs' amended bill of complaint are not such as to entitle the plaintiffs to the relief prayed for against these defendants or any of them"; and (3) "That said amended bill of complaint contains no sufficient allegation that the plaintiffs before bringing said suit complied with the provisions of the Constitution of the Brotherhood of Painters, Decorators and Paperhangers of America, by which they are bound."

The plaintiffs are the president, vice-president and secretary-treasurer (named individually) in behalf of themselves and all other members of Painters District Council No. 41 and of all members of all unions affiliated with it, claiming to be authorized to file this bill by vote of that council. The defendants are the president, the recording secretary, the financial secretary, the business agent (named individually) and all other members of Painters District Council No. 44, and all members of all unions affiliated therewith. All parties are members of the Brotherhood of Painters, Decorators and Paperhangers of America, which was incorporated in 1894, in Indiana, and has headquarters in that State. The plaintiffs complain that through the wrongful conduct of district council No. 44 and of its affiliated local unions within the territorial jurisdiction claimed by it, district council No. 41 and the members of local unions affiliated with it are deprived of work. They seek injunctive relief. It is charged that the laws of the brotherhood require that when a contractor, builder or boss painter does any work pertaining to the trade outside his home city or town, and in a locality where a district council or a local union exists, not less than fifty per cent of the men in such district shall be employed on work within the brotherhood's jurisdiction; that, asserting rights thereunder, local unions affiliated with district council No. 44 refuse to permit more than fifty per cent of members of unions affiliated with district council No. 41 to work in certain cities and towns near Boston which are in the territorial jurisdiction of the Building Trades Council of Boston and Vicinity; that a color of right so to do exists because they have refused to affiliate with the Building Trades Council of Boston and Vicinity, and because those cities and towns were allocated to district council No. 44's territorial jurisdiction; but that such refusal is in violation of the laws of the brotherhood, and such allocation, though valid when made, has since become invalid.

The bill sets out that after charters from the brotherhood had been granted to district councils No. 41 and No. 44, and after the general executive board of the brotherhood

had assigned to No. 41 as its territorial jurisdiction, Boston and Brookline, and to No. 44 as its territorial jurisdiction, Cambridge, Chelsea, Hingham, Hyde Park (then a separate town but now a part of Boston), Malden, Medford, Melrose, Milton, Natick, Newton, Norwood, Quincy, Somerville, Waltham and Winthrop, the brotherhood affiliated itself with the American Federation of Labor and agreed that the laws of the federation should be controlling upon the brotherhood. The latter also affiliated with the building trades department of the federation, and became subject to its laws. The bill asserts that those controlling laws provided for a building trades council at Boston with a territorial jurisdiction of Boston, Milton, Brookline, Cambridge, Belmont, Arlington, Somerville, Medford, Malden, Chelsea, Everett, Revere, Winthrop, and the islands of Boston Harbor, and further provided that there should be but one district council of the brotherhood in the trades district, and that all local unions in the territorial jurisdiction should affiliate with the trades council and should be represented therein by the one district council. The one district council is district council No. 41. The bill sets out the laws of the brotherhood and of the federation by force of which it claims that the changes have been brought about which give to the plaintiffs the rights they seek to vindicate. The bill disclaims any attack upon brotherhood or federation and denies that it seeks any remedy against either.

It is clear, we think, that the foregoing discloses a situation in which the brotherhood and the building trades council have such interests that they should be made parties; and that, on this ground, the demurrer was sustained properly. The building trades council need not approve a local union in one or more of the places where contested jurisdiction exists. The brotherhood is interested in a change of territorial jurisdiction of district councils, and in changes in its laws affecting them. It should be represented when its members seek from a court interpretation which involves modification of its constitution. The duty of enforcing obedience to its mandates, if in fact they are violated, rests

primarily with the brotherhood. The rights which the plaintiffs assert arise out of its laws and through their connection with it. The question is one of internal administration of a labor union rather than of common law right. The fifty per cent rule has been held to be legal. See *Barker Painting Co.* v. *Brotherhood of Painters, Decorators, & Paperhangers of America,* 15 Fed. Rep. (2nd) 16. *Barker Painting Co.* v. *Brotherhood of Painters, Decorators, & Paperhangers of America,* 23 Fed. Rep. (2nd) 743, and cases there cited. This court would face a different duty if, after having opportunity to be heard as a party, the brotherhood or the trades council should refuse to appear. In spite of the disclaimer, the substantial prayer is that the court do what the labor union ought to have done, and for the reason that it has failed in its duty.

This is made even clearer by the plaintiffs' allegations of efforts to secure remedy within the brotherhood. Although appeals have been prosecuted through to conventions, the brotherhood has refused to take action to compel district council No. 44 and its affiliated locals to change their conduct, or to require its general executive board to reallocate the territorial jurisdictions. The building trades council has held that the matter is not within its cognizance. There is, however, a remedy left untried. A local union within the jurisdiction of district council No. 41, if it believes an injustice has been done to it by the general executive board, may appeal to the membership at large. Section 236. The bill does not show any appeal by an affiliated local union. Under our law the omission is fatal, unless the appeal is clearly useless. *Hickey* v. *Baine,* 195 Mass. 446. *Mulcahy* v. *Huddell,* 272 Mass. 539, 545. It is not shown to be useless.

It is not necessary to discuss other matters which may be involved. For the reasons stated the demurrer was sustained properly. The decree is not properly a final decree since it contains no order disposing of the cause.

*Exception overruled.*
*Decree affirmed.*