MALDEN TRUST COMPANY *vs.* ARIAL W. GEORGE & others.

Middlesex.     February 6, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice,* Bill, Demurrer, Waiver.

The mere facts, that a defendant both answered and demurred to a bill in equity and that, before the demurrer was heard and sustained, the suit was heard by a master who filed a report that had not been confirmed, did not require a finding that the demurrer was waived.

An averment in a bill in equity merely that certain real estate was held in trust on a certain date did not amount to an averment that the trust existed when the bill was filed over two years later.

A demurrer properly was sustained to a bill in equity to reach and apply in satisfaction of a debt owed upon a note of the defendants, a man and a woman, interest of the woman in real estate conveyed by them, when married, to a trustee under a separation agreement two years before the bill was filed, with an agreement by the trustee to convey the land back to her "on her request," where there was no averment that the land still was held in trust or that the separation agreement still was in force.

BILL IN EQUITY, filed in the Superior Court on September 7, 1937.

Demurrers were heard by *M. Morton*, J.

*S. H. Wellman*, (*A. H. Wellman* with him,) for the plaintiff.

*G. Edmunds*, (*F. J. Rogers* with him,) for the defendants George.

LUMMUS, J. This is a bill to reach and apply, under G. L. (Ter. Ed.) c. 214, § 3 (7). The debt owed by the defendants Arial W. George and his wife Sarah H. George is a balance upon a mortgage note after the foreclosure of the mortgage. Demurrers of the several defendants to the bill were sustained, and the plaintiff appealed. From the consequent final decree dismissing the bill without prejudice, the plaintiff likewise appealed.

The plaintiff asserts, with strong indication in the record of the truth of the assertion, that the defendants answered as well as demurred, and that the facts were heard by a master who filed a report. That report was not confirmed, and without confirmation it settled nothing. *Railroad Co. v. Swasey*, 23 Wall. 405, 410. Under Rule 28 of the Superior Court (1932) demurrers and answers in equity are normally filed at the same time, if not indeed included in the same document, and under that practice an answer cannot operate as a waiver of a demurrer. *Fogg* v. *Price*, 145 Mass. 513. A demurrer may be filed even after answer, by leave of court. Rule 28 of the Superior Court (1932). Equity Rule 8 (1926; 252 Mass. 603). *Keown* v. *Keown*, 231 Mass. 404, 405. The plaintiff contends that going to hearing before the master waived the demurrers. That may be the effect of voluntarily proceeding before a master without first setting down a demurrer for hearing. *Fairbanks* v. *Newhall*, 222 Mass. 598, 600. *Attorney General* v. *Onset Bay Grove Association*, 221 Mass. 342, 346. *Berenson* v. *H. G. Vogel Co.* 253 Mass. 185, 187. *Luciano* v. *Caldarone*, 255 Mass. 270, 272. But in this case the record does not disclose that the defendants went before the master voluntarily, without first seeking to have their demurrers heard. The judge may have compelled them to try the merits

first, as in his discretion he had a right to do. If so, the demurrers were not waived. *Pearson* v. *Mulloney,* 289 Mass. 508, 511. *DeVeer* v. *Pierson,* 222 Mass. 167, 174. The plaintiff's appeal from the order that the answers and the master's report be omitted from the record for appeal as immaterial has not been argued and is therefore waived.

What the bill sought to reach was declared to be "the interest of said Sarah H. George in" certain land and "the interest of said Sarah H. George under the terms of" a certain agreement between Arial W. George and Sarah H. George through the defendant Cudworth as trustee dated July 12, 1935.

Arial W. George and Sarah H. George were then living apart. The agreement contemplated the conveyance by Sarah H. George of her land in Scituate to Cudworth as trustee. The conveyance was actually made about August 1, 1935. The trustee agreed to convey the land back to her "on her request," but in the absence of such request in her lifetime he was to convey it to such person as she should appoint by will or in default of appointment to her heirs. Arial W. George agreed to carry life insurance on his life for her benefit to the amount of $55,000 until her death or remarriage. He agreed to pay her until her death or remarriage $300 a month and also $53.25 a week, in all $6,369 a year; but upon divorce the payments under the agreement were to cease and alimony of the same amount was to be substituted; and in case an absolute divorce should not be obtained before June 1, 1936, the payments were to cease, and Sarah H. George was to be free to seek separate support.

We need not consider whether these provisions gave Sarah H. George any "property, right, title or interest" which "cannot be reached to be attached or taken on execution in an action at law," but may be reached and applied under G. L. (Ter. Ed.) c. 214, § 3 (7). See *Lyons* v. *Urgalones,* 189 Mass. 424; *Gardiner* v. *Rogers,* 267 Mass. 274, 277, 278; *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556. The bill speaks entirely in the past, not in the present. It alleges the conveyance of the property and the

making of the contract. But it fails to allege that the land is now held under the trust, or that the provisions of the contract are still in force. It is true, that a tribunal of fact may usually infer that a state of facts once existing continues to exist. *Galdston* v. *McCarthy,* 302 Mass. 36. But as matter of pleading an allegation that certain facts existed in July or August, 1935, is not an allegation that the same facts existed on September 7, 1937, when the bill was filed.

> *Appeal from interlocutory decree as to record waived.*
> *Interlocutory decree sustaining demurrers affirmed.*
> *Final decree affirmed with costs.*