WILLIAM W. FORBES *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk.   January 7, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

The provision of St. 1897, c. 472, § 1 that "In civil causes in which any questions or issues are submitted to a jury a verdict shall not be set aside except upon a motion in writing of one of the parties specifying the grounds relied upon in support of it" has no application to the setting aside by a judge of a verdict which he himself previously has ordered.   He has power to do this of his own motion.

CONTRACT by the assignee of a life insurance policy issued by the defendant upon the life of Freeman F. Weatherbee and payable according to its terms to his representatives.   Writ dated April 12, 1898.

The defendant filed a petition under St. 1886, c. 281, representing that liability was admitted, and the amount thereof was not in dispute, and that the amount due from the defendant was claimed by persons other than the plaintiff, and in response to

an order of notice Thomas F. Scanlan and Ann Weatherbee appeared and became parties defendants.

At the trial in the Superior Court, before *Gaskill*, J., the claimant Scanlan waived his claim, and there remained as claimant only Ann Weatherbee. The claimant offered in evidence, in support of her right to recover, and the defendant in support of its interpleader, a policy of life insurance on the life of Freeman F. Weatherbee, issued by the defendant, dated March 9, 1864, payable to Ann Weatherbee as beneficiary, and other evidence. Upon the plaintiff's objection, the judge excluded this evidence, and directed the jury to return a verdict for the plaintiff. The claimant and the defendant excepted to the refusal of the judge to admit the evidence, and to the ordering of the verdict. The verdict was returned on November 3, 1899. On June 19, 1900, although no party to the action had filed a motion in writing to set aside the verdict, and while the exceptions of the claimant and the defendant were still pending, the judge of his own motion and without request from any party and against the plaintiff's objection, ordered that the verdict be set aside, and a new trial had. The order of the judge was as follows : " In above-entitled action I ruled as matter of law that the plaintiff was entitled to recover, and directed the jury to return a verdict for the plaintiff. I am satisfied that said ruling and direction were erroneous, and now in exercise of the power and authority inherent in the court, I set aside said verdict and order a new trial, the defendant consenting thereto, the plaintiff objecting thereto."

The plaintiff alleged exceptions.

*John Ballantyne, Jr. & James Ballantyne*, for the plaintiff, submitted the case on a brief.

*W. A. Morse & I. R. Clark*, for the defendant.

MORTON, J. The court had power of its own motion to order the verdict to be set aside. Pub. Sts. c. 153, § 6. *Ellis* v. *Ginsburg,* 163 Mass. 143, 146. It is not necessary to consider St. 1897, c. 472, for the reason that no questions or issues were submitted to the jury.

*Exceptions overruled.*