CHARLES E. SEVIGNY *vs.* ALFRED L. LIZOTTE & others.

Bristol.    March 22, 1927.— June 29, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Mandamus.*

It is a rule of general application that the title to a political office cannot
be impeached collaterally.

One who contends that he is entitled to hold the office of auditor of a city
where the auditor is elected by the board of aldermen cannot maintain
a petition for a writ of mandamus to oust from office one who was
elected by a board, one member of which the petitioner contended was
not duly elected alderman or entitled to act as such. ·

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Bristol on January 20, 1927,
and afterwards amended.

The petition was heard by *Carroll,* J., and was denied.
The petitioner alleged exceptions.

*J. W. Cummings,* (*J. T. Farrell* with him,) for the pe-
titioner.

*A. E. Seagrave,* for the respondents.

RUGG, C.J.    This is a petition for a writ of mandamus.
The petitioner, a citizen and taxpayer of the city of Fall
River, contends that he is entitled to the office of auditor
of that city.    Confessedly he held that office until the first
Monday of March, 1927.    He brings this petition against
the first named defendant, who also contends that he is the
auditor of that city by election for a term beginning with
said first Monday of March.    The petitioner joins as de-
fendant one Russell and the members of the board of alder-
men of the city of Fall River.    His contention is that,
although the defendant Lizotte was elected to the office of
city auditor by a majority vote of the members of the board
of aldermen as shown by the records of that board, that
election is illegal for the reason that one of the votes for the
defendant Lizotte was cast by the defendant Russell who,
the petitioner claims, was not a member of the board of

aldermen, and that therefore the election of the respondent is void and that the petitioner is entitled to hold office until his successor is legally chosen. The sole basis of the petitioner's claim is that Russell had no right to act as alderman.

A judgment in favor of the petitioner would not remove Russell from office. His right to the office of alderman can only be tried in a proper proceeding brought to determine his title. It is a rule of general application that the title to a political office cannot be impeached collaterally. It was said in *Attorney General* v. *Crocker*, 138 Mass. 214, 221, "Public necessity and policy require that the acts of an actual incumbent of a public office, in the performance of its duties, shall be held valid, although the incumbent should not have a legal right to the office, and though his right should be questioned and disputed." To the same effect are *Fowler* v. *Beebe*, 9 Mass. 231, *Petersilea* v. *Stone*, 119 Mass. 465, *Prince* v. *Boston*, 148 Mass. 285, *Moloney* v. *Selectmen of Milford*, 253 Mass. 400. It follows that no inquiry can be had in this proceeding into the validity of Russell's membership in the board of aldermen.

*Exceptions overruled.*