CHARLES E. HILL *vs.* TRUSTEES OF GLENWOOD CEMETERY & others

(and a companion case between the same parties).

Middlesex.    May 3, 4, 1948. — November 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Civil Service. Public Officer. Equity Jurisdiction,* To try title to public office. *Mandamus. Equity Pleading and Practice,* Leave to file pleading, Demurrer, Waiver, Appeal, Judicial discretion. *Waiver. Notice.*

The sustaining of a demurrer to a bill in equity implied the granting of permission under Rule 2 of the Superior Court (1932) for the filing of the demurrer after the time specified in Rule 25.

A contention by the plaintiff that a demurrer to a bill in equity should not have been considered because it had not been filed within the time fixed by Rule 25 of the Superior Court (1932) had no standing if it was urged for the first time on an appeal from a final decree dismissing the bill after a sustaining of the demurrer.

A court has power to act on a demurrer to a bill in equity although the defendant has waived his right to press the demurrer by voluntarily going to hearing on the merits without seeking a decision on the demurrer.

Neither a suit in equity nor a petition for a writ of mandamus can be maintained to try collaterally title to a public office which the plaintiff-petitioner does not claim for himself.

One removed from his employment by a city could not maintain either a suit in equity or a petition for a writ of mandamus for reinstatement on the alleged ground that he had been removed by a board of officers whose appointment to office had not been in accordance with the city charter.

The mere fact that a public board, after suspension of a civil service employee and a hearing at his request under G. L. (Ter. Ed.) c. 31, § 43, had reinstated him without loss of pay, not because they determined that the charges preferred against him were unfounded, but because they had been advised that there was some question as to the legality of his suspension, did not preclude them from proceeding against him anew.

Exercise by a judge of discretion in the denial of a motion to amend a bill in equity or a petition for a writ of mandamus is reviewable on appeal.

Under G. L. (Ter. Ed.) c. 31, § 43, as it stood before amendment by St. 1945, c. 667, § 1, notice to a civil service employee of a decision by a board removing him was seasonable where it was given him more than three days after the close of the evidence at a hearing requested by him, but within three days after the summing up or arguments at an adjourned hearing held several days after the close of the evidence.

BILL IN EQUITY, filed in the Superior Court on June 19, 1945; also a

PETITION for a writ of mandamus, filed in the Superior Court on February 8, 1946.

Demurrers were heard and sustained by *Forte,* J.  Motions to amend were heard and denied by *Goldberg,* J.  A final decree dismissing the bill in equity and judgment dismissing the petition for a writ of mandamus were entered by order of *Good,* J.

*W. F. A. Graham,* for the plaintiff-petitioner.

*M. T. Silverstein,* for the defendants-respondents.

SPALDING, J.   These appeals, prosecuted by Charles E. Hill, are from a final decree dismissing his bill in equity and from a judgment dismissing his petition for a writ of mandamus entered after demurrers filed by the defendants had been sustained.   The defendants named in each proceeding are the five trustees of the Glenwood Cemetery (hereinafter called the trustees), and the mayor, the treasurer, and the auditor of the city of Everett. [1]

The allegations of the bill in equity may be summarized as follows:   In 1935 the plaintiff was appointed superintendent of the Glenwood Cemetery (a municipal cemetery of the city of Everett) in accordance with the civil service laws and regulations.   He served in that capacity until July 11, 1944, when he received a notice from the trustees to the effect that as of 8 A.M. July 12, 1944, he was suspended.   After setting forth the reasons for the suspension, the notice stated that for these reasons it was the intention of the trustees "to suspend and/or remove" the plaintiff on July 18, 1944, in accordance with the provisions of G. L. (Ter. Ed.) c. 31, § 43.   The plaintiff requested a public hearing and a hearing was granted to him on July 18, 1944.   Later that day the trustees sent a notice to the plaintiff stating that inasmuch as they had been advised by the city solicitor that there was some question as to the legality of the suspension effective July 12, 1944, it had been voted to reinstate the plaintiff as of July 18 without loss of pay.   The plaintiff reported to work on the following day at 8 A.M. as directed and resumed his duties as superintendent.   Shortly after he had started to work he received a written notice from the trustees stating that he had been suspended as of 8 A.M. that day (July 19).   The reasons given for the suspension were the same as those set forth in the previous notice.   The notice further stated that for these reasons it was the intention of the trustees to remove the plaintiff on

[1] The trustees originally named were William R. Grout, Charles H. Davis, Edgar F. Mitchell, Percy R. Bradbrook and Raleigh McKerrall.   By amendment Joseph Delcore, John L. Lemieux, Henry E. Wells, William O. Lea Pierre, and William F. Ryan were substituted as defendant trustees.   Upon a suggestion of death of Mayor Frank E. Lewis, acting Mayor Ambrose T. English was substituted as a party defendant.   Subsequently James R. Reynolds as mayor of Everett was substituted for English.

July 31, 1944. The plaintiff requested a public hearing in accordance with the provisions of G. L. (Ter. Ed.) c. 31, § 43. On July 21, 1944, the trustees notified the plaintiff that he would be given a hearing on July 31, 1944, at a time and place designated in the notice. In accordance with the notice hearings began on July 31, 1944. A motion of the plaintiff that the hearings be dismissed and that the plaintiff be reinstated was denied. During the hearings, of which there were twenty-six or more between July 31, 1944, and May 22, 1945, and which on the latter date had not been completed, the plaintiff learned that four of the five alleged trustees had not been legally appointed to their offices and were illegally acting as trustees.[1] Thus, the plaintiff alleges, he was never properly suspended by a duly constituted board of trustees. The bill asked that the trustees be restrained from going forward with the hearings, that they be ordered to reinstate him, and that all of the defendants be restrained from doing anything to prevent the plaintiff from resuming his position as superintendent of the cemetery.

The defendants filed an answer to the bill and they also demurred. No action then was taken with respect to the demurrer and the case was partially heard on the merits by a judge of the Superior Court. On July 17, 1945, before the hearing before him was completed, the judge entered an interlocutory decree ordering the hearing to be suspended. The decree also undertook to order the trustees to continue with the hearings before them (which had not then been completed) at certain specified dates and times.

In February, 1946, Hill brought a petition for a writ of mandamus, naming as respondents the same persons who were defendants in the bill in equity. The relief sought was that the trustees be ordered to revoke their action in removing him and that the respondents be ordered to re-

---

[1] According to the bill the appointment of these trustees was illegal because there had been no compliance with the provision of the city charter of Everett which requires that those nominated for offices must be confirmed by the board of aldermen by an aye and nay vote.

store him to his position as superintendent and to pay him his salary from July 19, 1944.[1] The respondents demurred to the petition and also filed answers not waiving their demurrers. Subsequently the demurrers to both the bill in equity and the petition for mandamus were considered by the court and were sustained. Motions to amend the bill and the petition were denied. In the equity suit a final decree was entered dismissing the bill, and judgment was entered in the mandamus proceeding dismissing the petition. From the decree and the judgment Hill appealed. Under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, an appeal in a mandamus case is similar to an appeal in a suit in equity and all questions of fact, law, and discretion are open in this court. *Henderson* v. *Mayor of Medford*, 321 Mass. 732.

We consider first the bill in equity. At the outset the plaintiff contends that since the demurrer was filed after the time fixed by the court for completing the pleadings and was not allowed to be filed late it was not properly before the court.[2] And it is further argued that the defendants by going to a hearing on the merits waived their demurrer and lost the right to have it considered. It is true that under Rule 25 of the Superior Court (1932) the defendants' demurrer could be filed as of right only within the time fixed by the court. But under Rule 2 the court could permit it to be filed later. In view of the action of the judge in sustaining the demurrer, apparently after hearing, we are of opinion that the filing of the demurrer was at least impliedly sanctioned by the judge. *Baskin* v. *Pass*, 302 Mass. 338, 341. *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 532. Furthermore it does not appear that this point was raised in the court

---

[1] According to the allegations in the mandamus petition the hearings before the trustees had then been completed and the trustees on August 10, 1945, had notified the petitioner in writing of their decision which, after reciting the findings of the trustees, stated that a majority of them had voted to remove him.

[2] By an interlocutory decree entered June 29, 1945, the pleadings were ordered to be completed on or before July 6, 1945. The demurrer and the answer were filed on July 13, 1945. The answer was filed by leave of court but no leave for the late filing of the demurrer appears to have been obtained.

below. It cannot be raised for the first time in this court. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 127. If, as seems to have been the case, the defendants voluntarily went forward on the merits without seeking a decision on their demurrer, they could not, as of right, press it thereafter. *Berenson* v. *H. G. Vogel Co.* 253 Mass. 185, 187. *Luciano* v. *Caldarone,* 255 Mass. 270, 272. *Malden Trust Co.* v. *George,* 303 Mass. 528, 529. *Whitney* v. *Whitney,* 316 Mass. 367, 371. But that did not deprive the judge of the power to act on it if he saw fit to do so.

The demurrer to the plaintiff's bill was rightly sustained. The demurrer sets up several grounds but it is necessary to consider only the second one, which alleges want of equity. The primary object of the bill is to prevent the trustees from proceeding further with removal hearings because four of them, it is alleged, were not duly constituted members of the board. But "It is a generally recognized principle that there is no jurisdiction in equity to try title to a public office. . . . The proper way by which to try the title to a public office where . . . the plaintiff does not claim the office for himself is by an information in the nature of quo warranto." *Brierley* v. *Walsh,* 299 Mass. 292, 294. And it is equally well settled that the title to a public office cannot be attacked collaterally. *Prince* v. *Boston,* 148 Mass. 285, 287. *Sevigny* v. *Lizotte,* 260 Mass. 296. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 350–352. The attack here, obviously, is collateral.

The plaintiff insists that the bill contains another ground for equitable relief inasmuch as it discloses that he had previously been tried on the same charges and was reinstated. It is apparent from the bill that the plaintiff was not reinstated because the trustees found him not guilty of the charges which had been preferred. On the contrary, it appears that he was reinstated only because the trustees had been advised that there was some question as to the legality of the suspension. This did not preclude the trustees from proceeding anew under a proper notice. See *Donnelly* v. *Trustees of the Boston City Hospital,* 290 Mass.

347; *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 92. These allegations afford no ground for equitable relief.

After the demurrer was sustained the plaintiff moved to amend by the substitution of a new bill of complaint. From what was in effect an interlocutory decree denying the motion to amend (see *Bressler* v. *Averbuck*, 322 Mass. 139, 143) the plaintiff appealed. While the allowance of an amendment was a matter of discretion, the exercise of that discretion is reviewable on an appeal in equity. *Abbott* v. *Bean*, 285 Mass. 474, 478. This court, however, will give weight to the exercise of discretion by the court below. *Long* v. *George*, 296 Mass. 574, 579. *Coe* v. *Coe*, 313 Mass. 232, 235. The new allegations contained in the proposed amended bill need not be recited. From an examination of them we cannot say that the trial judge wrongly exercised his discretion in denying the motion to amend.

We turn now to the mandamus petition. Many of the allegations in the petition are similar to those in the bill in equity which have been summarized above. They need not be restated. Of the new allegations many are not now relied on by the petitioner. We shall confine our discussion, therefore, to those parts of the petition which the petitioner now contends entitle him to invoke the remedy of mandamus. First, the petition, as does the bill, alleges that the petitioner was suspended on July 19, 1944, following his reinstatement after a hearing on July 18, and that the charges in the second proceeding were exactly the same as those which gave rise to the first. It is argued that the trustees had no right to proceed against the petitioner a second time. Secondly, the petition alleges that the taking of evidence in the hearings conducted by the trustees was concluded on August 2, 1945, and that the trustees then adjourned the hearing to August 7, 1945, for arguments of counsel. The trustees, it is alleged, after arguments of counsel on the latter date, then took the case under advisement and rendered their decision on August 10, 1945. The petitioner contends that the hearings were really concluded on August 2 and that the decision rendered by the trustees on August 10, more than three days later,

was not in accordance with G. L. (Ter. Ed.) c. 31, § 43.[1] Finally the petitioner argues that the allegations of the petition show that the trustees had never properly qualified as such and that they were without authority to remove the petitioner. Of the many grounds set up in their demurrers the respondents now rely only on the following: (1) that the petitioner's exclusive remedy was under G. L. (Ter. Ed.) c. 31, § 45, and (2) that the petition sets forth no basis for relief by mandamus.

The demurrers were rightly sustained.

The first point relied on by the petitioner is without merit. As we have already said in discussing the bill in equity, the trustees by reinstating the petitioner because of doubt concerning the validity of the first suspension were not precluded from proceeding anew under a proper notice.

The allegations in the petition do not show noncompliance by the trustees with the provision of G. L. (Ter. Ed.) c. 31, § 43, as it then read, with respect to giving notice of their decision within three days after the hearings.[2] Of course, if there had been no compliance with this provision, the petitioner could invoke the remedy afforded by mandamus. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590. *Harrison* v. *Fall River,* 257 Mass. 545. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 116. *Murphy* v. *Third District Court of Eastern Middlesex,* 316 Mass. 663, 665. But if the requirements of § 43 have been satisfied, the only remedy open to the person removed is the review in the District Court provided by § 45. *Nevins* v. *Board of Public Welfare of Everett,* 301 Mass. 502, 504, and cases cited. The petition, however, reveals that the petitioner was notified of the decision of the trustees within three days after the termination of the hearings. The hearing contemplated by § 43 "is in the nature of a judicial investigation." *Selectmen of Milton* v. *Justice of the Distric*

---

[1] See now G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1945, c. 667, § 1.

[2] General Laws (Ter. Ed.) c. 31, § 43, provided that "the person sought to be removed, suspended, lowered or transferred . . . shall be notified, in writing within three days after the hearing, of the decision of such officer or board."

*Court of East Norfolk*, 286 Mass. 1, 5. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 95. Traditionally in proceedings of a judicial character counsel are given an opportunity to sum up or argue after the evidence is in. The hearings, therefore, were terminated on August 7 when the arguments were concluded rather than on August 2 when the taking of evidence was completed. Notice of the decision on August 10 constituted compliance with the statute. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 93–94.

The allegations in the petition to the effect that the trustees were not legally qualified and therefore were without authority to remove the petitioner do not make out a case for relief by mandamus. As we have previously observed in discussing the bill in equity, the authority of the trustees to act could not be questioned collaterally. This principle is none the less applicable where the authority of an officer to act is challenged in mandamus proceedings. *Sevigny* v. *Lizotte*, 260 Mass. 296. Even a direct attack on the title to an office cannot be made in such proceedings when, as here, the petitioner does not claim title for himself. *Sevigny* v. *Russell*, 260 Mass. 294, 295. *Wardwell* v. *Leggat*, 291 Mass. 428, 431.

The petitioner has appealed from the denial of his motion to amend his petition. After comparing the proposed amended petition with the original petition we are of opinion that the judge's discretion in denying the motion was not improperly exercised.

> *Interlocutory decree and order affirmed.*
> *Final decree affirmed with costs.*
> *Judgment affirmed.*