CATHERINE M. MEALEY & another *vs.* SUPER CURLINE
HAIR WAVE CORPORATION.

Suffolk.   December 6, 1960. — March 21, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Negligence,* Manufacturer, Hair lotion.  *Practice, Civil,* New trial.  *Evidence,* Opinion: Expert; Hypothetical question.

Evidence that at a certain degree of heat free ammonia would be liberated from a lotion used in hairdressing, that free ammonia plus heat could cause burns, and that the lotion was sold by its manufacturer for such use without any instructions warning against the danger of burns warranted a finding of negligence on the part of the manufacturer toward a hairdresser's customer whose scalp was burned by "heat plus ammonia" while the lotion was being used in waving her hair.   [305]

After a verdict for the defendant had been ordered at a jury trial, the granting of a new trial was within the judge's power and disclosed no error regardless of the validity of reasons stated by him for granting it.   [305–306]

Hypothetical questions to an expert witness embracing facts of which there was evidence were properly allowed in the discretion of the judge.   [306]

TORT.   Writ in the Superior Court dated October 24, 1950.

The first trial of the action was before *Dowd,* J.; the second trial was before *Vallely,* J.

*Philander S. Ratzkoff,* for the defendant.

*Roger J. Donahue,* for the plaintiffs.

WILLIAMS, J.   This is an action of tort by one Catherine M. Mealey, a minor, hereinafter called the plaintiff, and her mother to recover respectively for personal injury and consequential damage resulting from the application to the plaintiff's scalp of a lotion manufactured by the defendant. The lotion was sold by a distributor and used by the purchaser, a hairdresser, in the process of waving the plaintiff's hair.   The action has been discontinued against the distributor and the hairdresser who were originally joined as defendants.

The treatment of which the plaintiff complains took place in the fall of 1949 when she was nine years old. The action was brought in 1950 and tried to a jury in 1957. Subject to the plaintiff's exception a verdict was directed for the defendant. Thereafter the plaintiff moved for a new trial alleging: "1. The prejudicial conduct of the trial judge. 2. The decision of the court was against the weight of the law and the evidence." The judge allowed the motion, filing a statement "Verdict set aside and new trial ordered for the reasons that the statement made by the court in the presence of the jury and the exclusion of certain evidence offered by the plaintiff may reasonably have prejudiced the jury against the plaintiff." The defendant took an exception. There was a new trial in 1959 at which verdicts were returned for the plaintiff and her mother. At this second trial a motion by the defendant that verdicts be ordered in its favor was denied. Its exceptions to this denial, to the order for a new trial, and to the allowance of certain hypothetical questions are before us.

There was evidence that in September, 1949, the plaintiff was given a machineless permanent wave known as the Joan Carole Creme Wave by one Cassis, an experienced hairdresser. The treatment required the use of Joan Carole Creme Lotion, a solution manufactured by the defendant which contained ammonium carbonate. Free ammonia therefrom would be liberated in the form of gas at 140°. The hairdresser placed over a portion of the plaintiff's scalp a protective felt pad and an appliance called a "spacer" through which some strands of hair were drawn. These strands were wound on rods and treated with the lotion. A machineless pad containing a chemical which would generate heat was placed over all and heat permitted to "fix" the curls of the hair on the rods. The heated pad did not touch the scalp. A few minutes after the heating pad was put on the plaintiff had a stinging sensation over her left ear. When the equipment was removed a red spot appeared, which proved to be a burn caused by "heat plus ammonia." She felt "something wet on her scalp" after the lotion had been applied.

The jury could have found that the burn was caused by the use of the lotion in a manner which the defendant should have anticipated. The directions on the label read in part "[S]team according to time determined by test curls . . . Steaming time three to seven minutes." Water turns to steam at 212° Fahrenheit.

The lotion was sold by the defendant manufacturer to be used by hairdressers in giving a customer a machineless wave. It was intended to be used in connection with heating pads which by reason of their chemical content would produce steam presumably from the tepid water into which the pads were dipped.

The temperature of the heating pads was from 120° to 140°, less than the temperature of 212° required to convert water to steam. Free ammonia plus heat can cause burns. "It was a regular thing for some parts of the solution to get on the scalp. There were various places where the solution touched the plaintiff's scalp." It was a result of the normal use which reasonably was to be anticipated by the manufacturer. Nothing in the instructions on the label conveyed a warning against the danger of burns. See *Taylor* v. *Jacobson,* 336 Mass. 709.

It could be found that putting the lotion into the course of trade without warning of its danger was negligent and that this negligence was a proximate cause of the plaintiff's injury. *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 238. *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92. The case was properly submitted to the jury.

There was no error in granting the new trial. In a jury case a new trial may be granted on motion for any cause for which it could be granted at common law but only for the reasons stated in the motion. G. L. c. 231, §§ 127, 128. *Peirson* v. *Boston Elev. Ry.* 191 Mass. 223, 229–230. *Loveland* v. *Rand,* 200 Mass. 142, 145. *Wright* v. *Apikian,* 270 Mass. 302, 304, and cases cited on page 305. *Macchiaroli* v. *Norwell,* 294 Mass. 144, 147. Where, however, the trial is jury waived, a new trial may be ordered without the statement of reasons. In such case the statutes do not apply. *McKinley* v. *Warren,* 218 Mass. 310. See *Quincy Trust Co.*

v. *Taylor,* 317 Mass. 195, 198.   Nor do they apply where the judge sets aside a verdict which he has ordered, since no questions or issues were submitted to a jury.   *Forbes* v. *New York Life Ins. Co.* 178 Mass. 139.   He is in effect setting aside his own finding.   Here the judge could properly have granted a new trial if he believed it to be in the interest of justice and it is unnecessary to pass upon the validity of the reasons which he advanced.   See *Hall* v. *Giusti Baking Co.* 322 Mass. 317, 320.

It was not error to admit the testimony of an expert in response to hypothetical questions.   There was evidence from which the jury could have found that the facts embraced in the questions excepted to were true, and their admission was well within the trial judge's discretion. *Davis* v. *Hotels Statler Co. Inc.* 327 Mass. 28, 31.   *DeMatteo Constr. Co.* v. *Daggett,* 341 Mass. 252, 261.

*Exceptions overruled.*