GEORGE S. ADAMS *vs.* RICHARD HERBERT.
(and a companion case[1]).

Worcester. December 5, 1962. — March 11, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Contract,* Modification, Novation, Consideration. *Sale,* Contract of sale.
   *Practice, Civil,* Leave reserved.

Following a jury verdict for a party in an action, entry of a verdict for
   the opposite party by the trial judge under leave reserved must not be
   ordered unless the evidence when construed most favorably to the first
   party does not warrant the jury verdict or unless evidence by which he
   is bound makes it impossible. [589]

Evidence in an action by a seller against the buyer of bananas shipped by
   train to the buyer accompanied by messengers to ice them, that the
   bananas were not in proper condition on arrival, that the buyer at first
   refused to accept them but was persuaded by the seller to take them and
   do the best he could on the basis of a price adjustment, and that the
   parties agreed upon a lower price which was paid by the buyer, war-
   ranted findings that the parties had relinquished their rights under the
   original contract of sale and had substituted a new contract for which
   the mutual relinquishments were consideration, and that the buyer was
   not liable for the balance of the original price even though the messengers
   had been his agents. [589–591]

TWO ACTIONS OF CONTRACT. Writs in the Superior Court
dated October 3, 1949, and April 5, 1950.

The actions were tried before *J. V. Sullivan,* J.

The cases were submitted on briefs.

*Harry Zarrow* for Herbert.

*John F. Driscoll* for Adams.

KIRK, J. The litigation, consisting of two cross actions
in contract, followed a dispute which arose from the ship-
ment of five carloads of bananas by Adams (the seller) to
Herbert (the buyer) during the summer of 1946. The sell-
er's action as plaintiff, commenced in October, 1949, was on
an account annexed for goods sold and delivered. The buy-

---

[1] The companion case is by Richard Herbert against George S. Adams.

er's action as plaintiff, commenced in April, 1950, was for breach of warranty. The jury returned a verdict for the buyer as a party defendant and for the seller as a party defendant. Our primary concern is the action brought by the seller against the buyer.

For the purpose of making a decision on the merits we treat the case as being properly before us on the only exception saved. That exception was taken by the defendant buyer when the judge under leave reserved entered a verdict for the plaintiff seller following the verdict for the defendant buyer.

The bill of exceptions presents no questions as to the admissibility of evidence, *Cooke* v. *Plaisted,* 176 Mass. 374, 383, or as to the sufficiency of pleadings, *Kagan* v. *Levenson,* 334 Mass. 100, 106, and cases cited, or of variance, *P. A. Dolan Co.* v. *P. S. Thorsen Co. of Mass.* 324 Mass. 376, 377, and cases cited. It does not appear that any of these questions was raised at the trial.

The test to be applied to determine the propriety of the entry under leave reserved of a verdict for the plaintiff is the same as that which would apply if the seller as plaintiff had moved for a directed verdict in his favor. *Morton* v. *Dobson,* 307 Mass. 394, 396, and cases cited. "It is held in this Commonwealth that a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor." *Mansfield* v. *Lang,* 293 Mass. 386, 393. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. Pursuant to this salutary rule, we state the evidence in its aspect most favorable to the defendant buyer. Whatever tends to contradict that aspect, or to support the contentions of the seller on disputed facts, will be omitted. See *Moore* v. *Amesbury,* 268 Mass. 462, 465. We include facts admitted by the buyer and testimony by which the buyer was bound.

The evidence was mainly oral testimony and in several material particulars was conflicting. The buyer, a Pitts-

field, Massachusetts, fruit dealer, agreed to buy from the seller, a banana importer, carload lots of bananas, F. O. B. Miami, Florida, at eight cents a pound. The seller was to load the bananas on the trains, and to select, instruct, and send along messengers who were to ride with the trains to New York and do the icing en route. The bananas were to arrive "green" at Pittsfield. The buyer was to pay the freight charges and for the services of the messengers. The seller instructed the messengers as to icing only as far as Baldwinville, Florida. When the cars arrived at Pittsfield the buyer saw no ice in the cars, nor any messenger. The contents of two of the five carloads in issue were twenty-five to forty per cent decayed. Three cars were ninety-five per cent ripe. One car was ninety per cent overripe. The decayed portions were unloaded and dumped. The buyer told the seller he could not accept the shipments. The seller persuaded him to take them and do the best he could. He said an adjustment would be made. An adjustment was reached on the basis of five cents a pound which the buyer paid on four cars but not on the car the contents of which were ninety per cent overripe and were sold by him for $175. In response to a special question, the jury found that under the original arrangement the messengers were agents of the buyer.

On the foregoing evidence, despite the special finding, it was clearly open to the jury to return a verdict for the defendant buyer. The special finding was not decisive of the case. It related to a subsidiary fact on one version of the case. More than one version was open to the jury in the light of all the evidence. The verdicts point to a finding by the jury that neither the buyer nor the seller was entitled to recover on the original contract. The jury could find that the parties had relinquished their mutual rights under the original arrangement and had substituted a new contractual relationship under which the buyer performed his obligation. The mutual relinquishments are the considerations for the new contract and are sufficient to give it full legal effect. *Zlotnick* v. *McNamara,* 301 Mass. 224, 226. The

jury also could find that the new contract itself, and not its performance, was accepted so that the question of accord and satisfaction was not an issue. *Tuttle* v. *Metz Co.* 229 Mass. 272. On either view, a verdict for the defendant buyer could be reached by the jury on the evidence. It was error to enter under leave reserved a verdict for the plain- tiff seller in the action for goods sold and delivered.

*Exceptions sustained.*
*Judgment for the defendant*
*in each case.*