Rescripts.

MERGENTHALER LINOTYPE COMPANY *vs.* CHARLES F. CLERKIN & another. February 26, 1964. Exceptions dismissed. In this action of contract, the defendants (plaintiffs in set-off) excepted to the allowance of the plaintiff's motion for a new trial and to the allowance of a motion for a new trial of the plaintiff as defendant in set-off. Each motion stated five grounds for requesting a new trial. The trial judge, after hearing, "by endorsement on each motion took the following action . . . 'After hearing the within motion is allowed.'" Subsequently, in compliance with an order of this court, the trial judge filed a memorandum in which he stated that both motions were allowed on the grounds that "the verdicts rendered by the jury were (1) against the evidence, and (2) against the weight of the evidence" and that a further ground was "to prevent a miscarriage of justice." This statement constituted compliance with G. L. c. 231, § 128. *Carver-Beaver Yarn Co. Inc.* v. *Wolfson,* 249 Mass. 257, 258–259. Compare *Wright* v. *Apikian,* 270 Mass. 302, 304. See *Mealey* v. *Super Curline Hair Wave Corp.* 342 Mass. 303, 305. In any event, the exceptions are not properly before this court since the case was not "ripe for final disposition by the superior court." G. L. c. 231, § 96.
*David W. Walsh* for the defendants.
*Richard A. Kaye* for the plaintiff.

GLADYS G. SPENCER, executrix, *vs.* ROBERT LAWRENCE, INC. February 27, 1964. Exceptions overruled. The defendant, a corporation engaged in manufacturing and selling clothing, entered into a contract to employ the plaintiff's testate (plaintiff) for the period of one year from March 19, 1956, at a salary of $12,500. The employment having been terminated by the defendant as of October 6, 1956, the plaintiff, who had been paid $6,250, brought this action of contract to recover the balance of his salary. A judge of the Superior Court made a general finding for the plaintiff in the amount of $4,250. The defendant excepted to this finding and to the denial of certain requests for rulings. The exception to the general finding presents no question of law. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. The denial of the requests reveals no error of law. There was no variance between the declaration and proof. If, as the defendant contends, the declaration was defective, it could have demurred or asked for specifications. Having proceeded to trial under it, it cannot now challenge its sufficiency as a pleading. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 393, and cases cited. There was evidence sufficient to warrant a finding in the plaintiff's favor, for there were no binding admissions by the plaintiff which precluded recovery. The defendant's request that the plaintiff could in no event recover more than nominal damages was rightly refused.
*Newton H. Levee* for the defendant.
*Robert W. Cornell* for the plaintiff.