*Southern District*

## MARGARET ITTLESON, EXECUTRIX
### v.
## FALMOUTH HOUSING AUTHORITY

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Driscoll, J.* in the First District Court of Barnstable. No. 19774.

*Cox, J.* This is an action for professional services performed for the defendant by an architect who died after the action was commenced. It was thereafter prosecuted by the executrix of his will.

There was a finding for the plaintiff in the sum of $9100.00.

The case was reported [a] because the defendant claims to be aggrieved by the finding for the plaintiff and [b] because of

the denial of two of its requests for rulings of law.

[1] The defendant first contends that the first count of the declaration sounds in both contract and tort in violation of G. L. c. 231, §7. We do not agree. However, that contention is not open to the defendant. Having proceeded to trial on the merits, the defendant cannot now challenge the sufficiency of the count as a pleading. *Spencer v. Robert Lawrence, Inc.*, 347 Mass. 765; *Adams v. Herbert*, 345 Mass. 588.

The plaintiff was employed by the defendant as architect on a state aided housing project for the elderly. The contract of employment was a form prescribed, furnished and approved by the State Housing Board. It was dated April 5, 1960. No completion date was provided. However, December 12, 1961 was the extended completion date agreed upon between the contractor and the housing authority. The architect supervised the construction and performed other services during and for 180 full time days and 127 part time days after the completion date of December 12, 1961 set for the general contractor. *The services performed by the architect after December 12, 1961 resulted from protracted delay on the part of the contractor.*

The amount of $9100.00 in the finding for the plaintiff is not of itself the point of controversy. Indeed from all that appears in the report there is no basis shown for questioning its reasonableness in the light of the $50.00

per diem allowed in the contract for extra services. Nor is it questioned that it was the contractor who was responsible for the delay in the completion of the project. The real contention is that the architect was not entitled to extra compensation by the express terms of the contract. The decision, therefore, must rest on the meaning given the contract provision relating to extras.

The pertinent provision of the architect's contract called to our attention is Article I (j), as follows:

"(j) *Special Cases and Extra Services.* If the Architect is caused extra drafting or other expense due to delinquency or insolvency of the Contractor, or as a result of damage to the Project by fire, earthquake, flood or other natural calamity, he shall be paid for expenses of this kind on the following basis: (1) the actual payroll cost of such drafting, whether performed by the Architect or a collaborator or both, plus 100 per cent thereof for overhead expenses, and (2) a fee at the rate of $50 per diem for services, other than supervision of employees or of drafting, or that normally required by this contract, which may be performed by the Architect or members of his firm."

Without reciting the defendant's requests which the judge denied, we consider the decisive question as before us for determination. In denying those requests which raise the contention that no recovery may be had

by the architect under the contract, the justice stated "I find delinquency was caused by the contractor as stated in Article I (j)."

The justice was right in his construction of the section of the contract referred to. The important word in Article I (j) is "delinquency" on the contractor's part as a permissible basis for payment to the architect for extra services. It is contended in the defendant's behalf that "delinquency" is not to be defined to include delay but as a violation of duty synonymous with misconduct or guilt or transgression of law. We do not question that the word includes those meanings in its definition, but, in context, it would also appear to include "extensive delay". Webster's New International Dictionary includes in the definition of "delinquency" a failure, omission, or violation of duty. In the definition of the adjective "delinquent" the dictionary cites the Latin verb delinquere, to fail, be wanting in one's duty, do wrong, and applies it to "delinquent lands" and "delinquent taxes." As "delinquency" is used in the context of the contract, under the circumstances reported, it is difficult to apply any meaning to the word except in the sense of a violation of duty on the part of the contractor to complete the project within the time agreed upon, in other words, a violation of duty involving extensive delay and a consequent extensive and extra expenditure of time and skilled effort on the project by the architect. In short, to us the conclusion seems inescapable that

that was the clear intendment of Article I (j). "A contract is to be considered as a business transaction entered into by practical men to accomplish an honest purpose in accord with common sense." *Kennedy Bros., Inc. v. Bird,* 287 Mass. 477, 483.

As no reversible error of law has been shown and as we discover none, the report should be dismissed.

George H. Lebherz, of Falmouth, for the Plaintiff.
Joseph W. Beecher, of Hyannis, for the Defendant.