*Southern District*
No. 667 of 1965

## EARL M. BOWIE

v.

## FRED W. CAMARRA

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Owen, J.* in the First District Court of Bristol    No. 667 of 1965

Cox, J.   This case is before us because of the denial of the plaintiff's motion for a new trial based upon the sole contention that the damages awarded him are inadequate.

By an agreement in writing between the parties the plaintiff was to dig a trench and install a six inch sewer line not to exceed one thousand feet, install five manholes and back fill. The defendant was to provide all materials. The price was $1,135.00. After the work started a disagreement arose. The plaintiff wished to dig the trench, lay the pipe and back fill before installing the manholes so as to save the time required for the use of the machine. On the other hand, the defendant wished the manholes to be installed as the pipe line was laid, as required by the municipal authorities. The plaintiff refused to install the

manholes as he reached each location. The defendant said that he would install the manholes and did so. The plaintiff did all the required work except the manholes. The agreement is silent as to the order of performance.

The plaintiff claims to have installed one thousand and thirty feet of pipe. The defendant said that eight hundred and eighty-four feet were installed. The plaintiff testified as an expert that the fair market value for the work was one dollar per foot. The defendant testified that the labor cost on each manhole was $88.00, a total of $440.00 for the five manholes called for in the contract.

The justice found for the plaintiff in the amount of $695.00.

The plaintiff filed no request for rulings in connection with his motion for a new trial.

There was no error. A motion for a new trial on the ground of inadequate or excessive damages "ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result." *Bartley* v. *Phillips,* 317 Mass. 35, 40-42, where the whole subject is considered at length and which is cited with approval in *Babish* v. *Cambridge,* 337 Mass. 274, 277. See also *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496. In the case before us no abuse of judicial discretion appears. The justice obviously de-

ducted $440.00, which he found was the labor .oost for installing the manholes, from the contract price of $1,135.00 and awarded the difference of $695.00 as the fair value of the plaintiff's work.

■ There was evidence which warranted a finding that the parties had substituted a new agreement for the original one. The new agreement was the same as the original except that the manholes were to be installed by the defendant. The plaintiff has done all that was required of him under the new agreement. *Adams* v. *Herbert,* 345 Mass. 588. Under the circumstances it was both fair and logical for the court to determine the labor cost of installing the manholes and then deducting the amount so determined from $1,135.00, the price originally agreed upon for all the work. It was a computation by a rational method upon a firm basis of fact. *White Spot Construction Corp.* v. *Jet Spray Cooler, Inc.,* 344 Mass. 632, 635. *Daley* v. *J. F. White Contracting Co.,* 347 Mass. 285, 289. *Concannon* v. *Galanti,* 348 Mass. 71, 74. The justice was not required to accept the plaintiff's version either as to the number of feet of pipe installed or that one dollar per foot was a fair price.

■ We find it unnecessary to consider the plaintiff's contention relative to the alleged insufficiency of the defendant's pleadings. Suffice it to say that having proceeded to trial under the pleadings without objection, he can-

not now challenge their sufficiency. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 393. *Adams* v. *Herbert*, 345 Mass. 588, 589. *Spencer, executrix* v. *Lawrence, Inc.*, 347 Mass. 765.

*No error of law appearing the report should be dismissed.*

WILLIAM J. CANTELMO
of Rockland for the Plaintiff
JAMES M. FITZGERALD
of Brockton for the Defendant

*Northern District*
#6333