Johnson, J.
Plaintiff Barbara Caputo had a permanent wave applied to her hair by the defendant Joanne Olsen. The permanent wave White Velvet, was manufactured by the third-party defendant, Cosmair, Inc.
The original complaint in this matter was between the plaintiffs, Barbara and Joseph Caputo, and the defendant and third-party plaintiff, Barbara Olsen. The plaintiffs’ complaint alleged that the defendant and third-party plaintiff, Barbara Olsen, was negligent in applying the permanent wave, White Velvet, to the scalp of plaintiff Barbara Caputo resulting in injury to her skin, neck, and scalp.
*119 The defendant and third-party plaintiff, Barbara Olsen, brought a third-party complaint against Cosmair, Inc., the manufacturer of the White Velvet product used on Barbara Caputo’s scalp. The third-party complaint alleged negligence and breach of warranty.
The defendant and third-party plaintiff, Barbara Caputo entered into a pretrial settlement with the plaintiffs. The trial was held solely on the third-party complaint.
Judgment entered for the third-party defendant, Cosmair, Inc.
The relevant evidence taken from the trial judge’s report is summarized below.
White Velvet, the permanent wave product of the third-party defendant, was applied to Barbara Caputo’s hair by her hairdresser and third-party plaintiff, Mrs. Olsen (Appellant). During the administration of the permanent wave, the product made contact with and burned Barbara Caputo’s skin.
A sample of White Velvet, along with its packaging, labeling and instructions was admitted in evidence. Among other ingredients such as acid, this product contained ammonia. There was evidence that upon contact with bare skin White Velvet may cause skin irritation.
Appellant had used a variety of permanent wave products in the course of her experience as a hairdresser. The compound in White Velvet can cause skin irritation and is a compound used universally in the industry. Appellant was taught that all permanent wave solutions can cause irritation to the bare skin. Appellant has observed that all these products carry the same type of warning about skin irritation as appears on the White Velvet box. This warning includes, among other things, the following language:
Perm lotion should always be applied carefully. Should any lotion drip on the forehead or neck, remove AT ONCE as it may soften the skin and cause irritation. Do not rub or wipe. Pat contacted area liberally with water-soaked absorbent cotton, then with neutralizer and again with water.
There was evidence that appellant failed to take adequate steps to prevent extended contact of the permanent wave solution with Barbara Caputo’s skin. Barbara Caputo testified that although she complained of discomfort on two occasions while the solution was on her hair, no action was taken by the appellant. The appellant testified that she had placed cotton batting around Barbara Caputo’s hairline and a towel around her neck in order tó catch any drippings, and further, that Barbara Caputo made no complaint to her until the next day.
Appellant seeks review of the trial judge’s disposition of three of her Requests for Rulings of Law.
1. The warnings and labelings on the product manufactured by the third-party defendant were lacking. Mealey v. Super Curling Hair Wave Corporation, 342 Mass. 303.
COURT: No response is required. This request calls for a finding of fact, not a ruling of law. Refer to court’s findings.
2. The labelings and instructions on said product were inadequate. MacDonald v. Ortho Pharmaceutical, 475 N.E. 2d 65.
COURT: No response is required. This request calls for a finding of fact, not a ruling of law. Refer to court’s findings.
8. The defendant is entitled to a finding in her favor.
COURT: Denied to the extent that this request seeks a ruling that a finding for the third-party plaintiff is required as a matter of law.
*120 Appellant acknowledged at oral argument before this court and in her brief that the specified rulings are applicable to the negligence count of the third-party complaint, and no appeal has been taken from the breach of warranty count.
Appellant argued that “the court should have allowed requests 1 and 2 and then proceeded to “factualize” the evidence within the doctrines of Mealey and McDonald. ’’Within appellant’s argument for relief is the very basis for the trial judge’s denial of Requests. 1 and 2, to wit: they call upon the trial judge to weigh and compare disputed issues of fact, rather than to request a statement from the trial judge regarding the prevailing rule of law. Kravetz v. Lipfsley, 294 Mass. 80 (1936). Special findings of facts would be necessary to reach the conclusion suggested in third-party plaintiffs requests 1 and 2. The trial judge was not required to make such findings unless they were required as a matter of law upon the evidence. Stella v. Curtis, 348 Mass. 458 (1965). The reported evidence is conflicting; it was for the trial judge to resolve the conflict consistent with her assessment of the evidence and the third-party plaintiffs burden of proof. Furthermore, though not specifically characterized as such, Requests 1 and 2 are Requests “upon all the evidence”, admitting of specification of the grounds upon which they are based. No review of right can be accorded such a request unless the grounds upon which it is based are specified in the request. Forbes v. Gordon & Gerber, Inc., 298 Mass. 91 (1937); Dist./Munc. Cts. R. Civ. P., Rule 64(b).
Moreover, the cases cited by appellant in her requests 1 and 2 are inapposite and obviously distinguishable from the facts found by the trial judge. Mealey v. Super Curline Hair Waive Corp. 342 Mass. 303 (1961) did not address the adequacy of a hair product’s warning label nor was there evidence, as is true in the present case, that the hairdresser had independent knowledge of the product’s danger. The issue in MacDonald v. Ortho Pharmaceutical Corp., 394 Mass. 131 (1986) was whether the manufacturer of birth control pills owed a direct duty to the ultimate consumer to warn her of dangers inherent in the use of the birth control .pill. Barbara Caputo, the ultimate consumer of White Velvet, is no longer party to this litigation, and brought no action against the manufacturer. Appellant occupies an -intermediate status between the manufacturer and Barbara Caputo, and the degree of warnings(s) to which such an intermediary is entitled was not the subject of discussion in either of the cases cited by the appellant in her requests for rulings. Finally, requests 1 and 2 were rendered immaterial by specific facts found by the trial judge:
I find that Joanne Olsen has failed to establish by a preponderance of the evidence that any negligence attributable to Cosmair, Inc. was the proximate cause of the injuries sustained by Barbara Caputo. While Mrs. Olsen claims that White Velvet’s warnings were insufficient, the evidence shows that even without those warnings, Mrs. Olsen was fully aware of the risk of harm to a patron if the solution remained on bare skin. In spite of her knowledge she failed to check Mrs. Caputo’s neck for wetness and failed to respond to her complaints.
The reported evidence supports the trial judge’s findings that appellant knew the potential consequences if the precautions specified on the label were not taken! to protect her customers from injury. The trial judge found that appellant! failed to take these precautions. There was no evidence reported from which the trial judge could have inferred that appellant did not understand the potential danger to Barbara Caputo or that her forbearance from takilng these precautions was induced by inadequate or insufficient labeling. Nor was there reported evidence to support a conclusion that had the *121 specified precautions been taken Ms. Caputo still would have been injured because of some incongruity between the specified precautions and the resultant harm.
Request n umber 8 is ambiguous and lacks that clarity of language expected of conscientious counsel seeking to insure the application of correct rules of law by the trial judge. This request could have been denied on this ground alone. Liberatore v. Town of Framingham, 315 Mass. 527 (1944). However, the trial judge gratuitously elected to treat this request as seeking a required finding for the appellant. It is generally accepted that a required request is rarely granted in favor of the party with the burden of proof given the broad discretion of the trial judge to accept or reject evidence presented at trial. Memishion v. Phipps, 311 Mass. 521 (1942). The report contains substantial evidence to support the trial judge’s decision. Contrary evidence presented at trial was not binding on the court and the trial judge was well within her discretion in finding for the third-party defendant. Request number 8 was properly denied.
Report dismissed.